876 P.2d 595

**Glen O. THOMPSON, Plaintiff–Appellant,**

v.

**Dona Adams PIKE and Anderson, Pike & Bush, Defendants–Respondents.**

No. 20549.

Supreme Court of Idaho,
Pocatello, May 1994 Term.

June 29, 1994.

Ellis, Brown & Sheils, Boise, for appellant. Allen B. Ellis argued.

Racine, Olson, Nye, Cooper & Budge, Pocatello, for respondents. William D. Olson argued.

McDEVITT, Chief Justice.

Appellant, Glen Thompson ("Thompson"), brought a professional malpractice action against respondent, Dona Pike ("Pike"), for negligence. Pike allegedly misadvised Thompson that an oral settlement agreement entered into in a wrongful termination action against Thompson's former employer was binding, inducing him to sign a written release. Pike's representation allegedly caused Thompson to compromise a much larger settlement payment, because Thompson would not have signed the release had he known the oral agreement was not binding. Initially, the trial court granted Pike's motion for summary judgment and this Court reversed and remanded the case on a prior appeal, holding that a genuine issue of material fact existed as to whether the oral agreement was binding. *Thompson v. Pike,* 122 Idaho 690, 838 P.2d 293 (1992) (*Thompson I* ) On remand, the trial court again granted Pike's motion for summary judgment after receiving additional evidence on the issue. Thompson appeals the ruling. We reverse.

## BACKGROUND

Pike represented Thompson in a wrongful termination action against Thompson's former employer, Suburban Propane ("Vangas"). After extensive preliminary negotiations, Vangas offered to settle the claim for $15,000. Thompson accepted the offer and agreed to release all claims against Vangas. Pike communicated Thompson's acceptance to Vangas' attorney via telephone on July 31, 1987, and via letter on August 3, 1987. Van-

gas' attorney in turn sent Pike a letter containing a release for Thompson to sign "to reflect the settlement of this claim per our phone conversation." Thompson expressed to Pike his dissatisfaction with the provisions of the release, emphasizing his concern that the release would compromise his right to profit sharing, and on September 4, 1987, submitted four alternate proposals. In response, Pike wrote to Thompson informing him that she had forwarded the proposals to Vangas, but that he was bound by the oral settlement agreement. Pike also wrote that Vangas had rejected the proposals and he remained bound by the $15,000 oral agreement. Thompson then signed the release on September 29, 1987, after receiving written assurance from Vangas that Thompson retained his right to profit sharing.

On September 28, 1989, Thompson brought a negligence cause of action against Pike for professional malpractice, alleging that she negligently misinformed him that the July 31, 1987 agreement was binding. Pike moved for summary judgment, alleging that the claim was barred by the statute of limitation. Pike submitted two sworn affidavits in support of the motion. The trial court granted Pike's motion for summary judgment, ruling as a matter of law that a binding settlement agreement with Vangas was formed on July 31, 1987, and, therefore, Thompson's complaint was barred by the I.C. § 5–219(4) two-year statute of limitation. On appeal, this Court held that a genuine issue of material fact existed whether a binding oral agreement was formed on July 31, 1987, precluding summary judgment on the statute of limitation ground. *Thompson I*, 122 Idaho at 698, 838 P.2d at 301.

On remand, Pike again moved for summary judgment, filing two more affidavits concerning the July 31, 1987 agreement, one sworn by herself and one by Vangas' attorney, Mr. McIver. Thompson also submitted a supplemental affidavit from an expert witness attorney, Mr. Latta, who opined that Pike was negligent and breached the applicable standard of care when advising Thompson that a binding agreement was formed on July 31, 1987. On March 11, 1993, Pike took the deposition of Mr. Latta, who admitted that the July 31, 1987 oral settlement was binding and enforceable.

On March 17, 1993, the trial court again granted the motion, ruling that no genuine issue of material fact concerning the intent of the parties to be bound by the July 31, 1987 agreement existed. The trial court found not only that the cause of action was barred by the statute of limitation because it was filed more than two years after the date of the alleged injury, July 31, 1987, but also that there could be no negligence because Pike's advice that the July 31, 1987 agreement was binding was correct. The trial court also found that Thompson had prosecuted the matter frivolously subsequent to Pike's second motion for summary judgment and awarded Pike costs and attorney fees. Thompson appeals the order of summary judgment and the award of attorney fees and costs.

This Court addresses the following issues on appeal:

I. Whether a genuine issue of material fact exists as to whether the parties to the July 31, 1987 oral settlement agreement intended to be bound by the agreement.

II. Whether the trial court erred in awarding attorney fees against Thompson.

III. Whether either party is entitled to attorney fees on appeal.

## STANDARD OF REVIEW

"When faced with an appeal from a summary judgment, this Court employs the standard of review properly applied by the trial court when originally ruling on the motion. *East Lizard Butte Water Corp. v. Howell*, 122 Idaho 679, 681, 837 P.2d 805, 807 (1992); *Washington Fed. Sav. & Loan Ass'n v. Lash*, 121 Idaho 128, 130, 823 P.2d 162, 164 (1992). In order to determine whether judgment should be entered as a matter of law, the trial court must review the pleadings, depositions, affidavits, and admissions on file. I.R.C.P. 56(c). On review, as when the judgment is initially considered by the trial court, this Court liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor. *Tolmie Farms v. J.R. Simplot Co.*, 124 Idaho 607, 609, 862 P.2d 299, 301 (1993); *Doe v.*

*Durtschi,* 110 Idaho 466, 469, 716 P.2d 1238, 1241 (1986). If reasonable people could reach different conclusions or draw conflicting inferences from the evidence, the motion must be denied. *Durtschi,* 110 Idaho at 70, 716 P.2d at 1242. However, if the evidence reveals no disputed issues of material fact, the trial court should grant summary judgment. I.R.C.P. 56(c); *Olsen v. J.A. Freeman Co.,* 117 Idaho 706, 720, 791 P.2d 1285, 1299 (1990). The non-moving party may not rest on its pleadings, but must offer affidavits or other admissible evidentiary materials which demonstrate that an issue of fact remains. *Theriault v. A.H. Robins Co.,* 108 Idaho 303, 306, 698 P.2d 365, 368 (1985). Supporting and opposing affidavits shall be made on personal knowledge and shall set forth such facts as would be admissible in evidence. I.R.C.P. 56(e); *see also, Hecla Mining Co. v. Star–Morning Mining Co.,* 122 Idaho 778, 784, 839 P.2d 1192, 1198 (1992). The requirement of specificity is underscored where the other party has established a *prima facie* defense on the statute of limitations. *Theriault,* 108 Idaho at 307, 698 P.2d at 309.

"Under I.C. § 12–121 and I.R.C.P. 54(e)(1), the trial court has discretion to award attorney's fees. This discretion will not be overturned absent a showing of abuse." *Etcheverry Sheep Co. v. J.R. Simplot Co.,* 113 Idaho 15, 19, 740 P.2d 57, 61 (1987). The burden is on the person disputing the award to show an abuse of discretion, i.e., that the trial court did not support an attorney fee award by finding that one or more of the criteria prescribed by I.R.C.P. 54(e)(1) has been satisfied. *See Anderson v. Ethington,* 103 Idaho 658, 660, 651 P.2d 923, 925 (1982).

## ANALYSIS

### I.

**THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER PIKE AND VANGAS ENTERED INTO A BINDING ORAL AGREEMENT ON JULY 31, 1987 WHICH PRECLUDES SUMMARY JUDGMENT ON STATUTE OF LIMITATION GROUNDS**

■ The district court, noting that the record now includes Pike's second supplemental affidavit and McIver's affidavit which were not part of the record at the time this Court issued *Thompson I,* found that a binding oral agreement was reached on July 31, 1987. In support of its conclusion, the trial court stressed that Thompson admitted to authorizing Pike to settle for $15,000, and that both Pike and McIver, the only parties capable of testifying to the nature of the oral settlement, averred that a binding oral contract was made. Thompson challenges the district court's finding, asserting that, as this Court noted in *Thompson I,* there is a triable issue of fact as to whether the July 31, 1987 oral agreement was intended to be a binding contract. Thompson argues that the admission of supplemental affidavits by Pike and Vangas does not negate the contradictory evidence illuminated in *Thompson I* from which reasonable minds might draw conflicting inferences. We agree.

In the initial appeal, this Court vacated the district court's order granting Pike's motion for summary judgment based on the narrow ground that there existed a genuine issue of material fact concerning whether the parties to an oral agreement entered into on July 31, 1987, between Pike and Vangas' attorney, Mr. McIver, intended the agreement to be binding, rendering unascertainable as a matter of law the date when "some damage occurred" and, therefore, precluding summary judgment on statute of limitation grounds. The Court focused on internally conflicting language in three letters of correspondence between the various parties as the source of the genuine issue of material fact. Specifically,

1. In Pike's letter to Vangas' attorney confirming the discussions they had on July 31, 1987, Pike stated: "I further understand that Mr. Thompson will execute a release in return for payment of said sum."

2. When Vangas' attorney forwarded the written release on August 4, 1987, the attorney included a letter to Pike stating: "I would ask you to contact me in the interim to indicate acceptance of the enclosed or discuss any question you have."

3. Vangas' attorney sent the $15,000 check to Pike and told her to hold it in

escrow until "the execution of the Full Release and Settlement Agreement by your client."

*Thompson v. Pike*, 122 Idaho 690, 696, 838 P.2d 293, 299 (1992). The Court held that statements contained in the letters "indicate that the parties contemplated a written contract." *Id.*

This Court's *Thompson I* decision is controlling and the trial court's judgment is precluded by the law of the case doctrine. *In re Matter of Barker*, 110 Idaho 871, 873, 719 P.2d 1131, 1133 (1986) (law of case binding on subsequent appeals); *Suitts v. First Sec. Bank of Idaho*, 110 Idaho 15, 21, 713 P.2d 1374, 1380 (1985) (decision on former appeal in a case is binding upon the trial court on remand). Because a genuine issue of material fact exists as to whether a binding agreement was entered into on July 31, 1987, summary judgment in favor of Pike is inappropriate in this case.

## II.

### IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO AWARD ATTORNEY FEES AGAINST THOMPSON ON REMAND

■ The district court awarded costs and attorney fees against Thompson under I.R.C.P. 54(e)(1) and I.C. § 12–121, ruling that the claim was pursued frivolously, unreasonably and without foundation. The court stated that no question of fact remained after February 1, 1993, when the supplemental affidavits of Pike and McIver were filed, and that the case ceased to be meritorious after that date. We hold that it was an abuse of discretion for the trial court to award attorney fees to Pike under I.C. § 12–121. Thompson's prosecution of his negligence claim on remand was neither unreasonable nor frivolous in light of *Thompson I*. Pike's submission of supplemental affidavits does not vitiate this Court's holding and render prosecution frivolous.

## III.

### NEITHER PARTY IS ENTITLED TO ATTORNEY FEES ON APPEAL

■ Both parties request an award of attorney fees on appeal pursuant to I.A.R. 41

and I.C. § 12–121. Idaho Code § 12–121 authorizes this Court to award reasonable attorney fees to the prevailing party on appeal, not as a matter of right, but only where the Court is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation. *Minich v. Gem State Dev., Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). We are not so persuaded and thus decline to award any fees on appeal.

Costs on appeal to appellant.

JOHNSON, TROUT and SILAK, JJ., and REINHARDT, J. Pro Tem., concur.