41 P.3d 228

**Jackie ANDERSON, Plaintiff–Appellant,**

v.

**John HOLLINGSWORTH, M.D.; Joseph Decker, M.D.; Bear Lake Memorial Hospital, and John Doe Business Entities 1–5, Defendants–Respondents.**

No. 26329.

Supreme Court of Idaho

Boise, September 2001, Term.

Dec. 26, 2001.

Rehearing Denied Feb. 15, 2002.

F. Randall Kline, Chtd., Pocatello, for appellant. F. Randall Kline argued.

Tolman Law Office, Twin Falls, for respondents. Jennifer K. Brizee argued.

TROUT, Chief Justice.

This is an appeal from an order granting the Defendants', John Hollingsworth, M.D. ("Hollingsworth"), Joseph Decker, M.D. ("Decker") and Bear Lake Memorial Hospital, motion for summary judgment.

## I.

## FACTUAL AND PROCEDURAL HISTORY

This case arose out of a surgical procedure performed on the Plaintiff, Jackie Anderson ("Anderson"), on November 3, 1992 at Bear Lake Memorial Hospital. This surgery, called a vertical banded gastroplasty, involves a procedure whereby a mesh band is surgically implanted around a portion of the stomach in order to restrict the flow of food. The surgery reduces the size of the stomach as an effort at weight loss.

At the time of this surgery, a surgical clamp was inadvertently left inside Anderson's abdominal cavity requiring an additional surgery for its removal. This additional surgery was performed on November 15, 1992.

Subsequently, Anderson developed additional complications, specifically that the mesh band used in the vertical banded gastroplasty had become infected, causing Anderson to experience vomiting and reflux problems. Anderson was diagnosed and treated for a yeast infection in the mesh band that was surgically implanted during the 1992 surgery. Ultimately, Anderson was diagnosed with chronic yeast esophagitis, requiring removal of the mesh band.

Anderson underwent a third surgery on October 3, 1994, due to the infected mesh band. This third surgery resulted in the removal of a substantial portion of her stomach. It is disputed whether the infected mesh band necessitated the removal of a substantial portion of Anderson's stomach, or, as Decker and Hollingsworth contend, was intended as a more restrictive weight reduction procedure.

After filing a request for a prelitigation screening hearing and the panel reaching its decision, Anderson filed a pro-se complaint on November 1, 1996. The case ended in summary judgment for Defendants on all of Anderson's claims after two motions for summary judgment and two motions for reconsideration were briefed and argued.

Sometime subsequent to the discovery of the retained clamp, Anderson entered into a release and settlement agreement, requiring Defendants to pay her an amount of money in exchange for the release. The district judge, therefore, ruled that all of Anderson's claims relative to the retained clamp were barred due to the previous release and settlement agreement. This issue has not been appealed. Defendant Bear Lake Memorial Hospital was dismissed from the case due to Anderson's failure to comply with the notice requirements of the Idaho Tort Claims Act. This has also not been appealed.

Anderson appeals the district judge's order granting summary judgment in favor of Decker and Hollingsworth, arguing Anderson's expert testimony regarding the breach of standard of appropriate medical care and adequacy of informed consent was sufficient to create an issue of fact. Anderson also appeals the district judge's award of costs to Defendants.

## II.

## STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "On appeal, this Court exercises free review over the entire record that was before the district court in order to determine whether either party is entitled to judgment as a matter of law." *Lowder v. Minidoka County Joint Sch. Dist. No. 331,* 132 Idaho 834, 837, 979 P.2d 1192, 1195 (1999). Thus, this Court must "construe [ ] the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor." *Thompson v. Pike,* 125 Idaho 897, 899, 876 P.2d 595, 597 (1994). The nonmoving party's case must be anchored in

something more than speculation, and a mere scintilla of evidence is not enough to create a genuine issue of fact. *Tuttle v. Sudenga Indus.*, 125 Idaho 145, 150, 868 P.2d 473, 478 (1994).

The burden of proving the absence of material facts is upon the moving party. *Wick v. Eismann*, 122 Idaho 698, 838 P.2d 301 (1992). In the absence of evidence supporting the motion, the non-moving party has no burden to respond with evidence supporting their claim. *Thompson v. Pike*, 122 Idaho 690, 697–98, 838 P.2d 293, 300–01 (1992). The non-moving party may not rest on its pleadings, but must offer affidavits or other admissible evidentiary materials which demonstrate that an issue of fact remains. *Thompson v. Pike*, 125 Idaho 897, 900, 876 P.2d 595, 598 (citations omitted). Supporting and opposing affidavits shall be made on personal knowledge and shall set forth such facts as would be admissible in evidence. I.R.C.P. 56(e); *Thompson* at 890, 876 P.2d at 598.

## III.

## DISCUSSION

### A. The Third Affidavit of Dr. Birkenhagen Creates an Issue of Fact Regarding the Breach of Care.

The first issue is whether a genuine issue of fact was raised as to the alleged breach of the standard of care and proximate cause between the negligence and the ultimate damage suffered by Anderson. Idaho Code § 6–1012 requires a plaintiff to affirmatively prove by direct expert testimony that the defendant negligently failed to meet the applicable standard of health care in the community where the alleged negligence occurred. *Dekker v. Magic Valley Regional Medical Center*, 115 Idaho 332, 333, 766 P.2d 1213, 1214 (1988). Section 6–1012 provides in relevant part:

[P]laintiff must, as an essential part of his or her case in chief, affirmatively prove by direct expert testimony and by a preponderance of all the competent evidence, that such defendant then and there negligently failed to meet the applicable standard of health care practice of the community in which such care allegedly was or should have been provided, as such standard existed at the time and place of the alleged negligence of such physician and surgeon, hospital or other such health care provider and as such standard then and there existed with respect to the class of health care provider that such defendant then and there belonged to and in which capacity he, she or it was functioning. Such individual providers of health care shall be judged in such cases in comparison with similarly trained and qualified providers of the same class in the same community, taking into account his or her training, experience, and fields of medical specialization, if any. If there be no other like provider in the community and the standard of practice is therefore indeterminable, evidence of such standard in similar Idaho communities at said time may be considered. As used in this act, the term "community" refers to that geographical area ordinarily served by the licensed general hospital at or nearest to which such care was or allegedly should have been provided.

In order to preclude summary judgment under § 6–1012, it must be shown by expert testimony there has been a negligent failure to meet the applicable standard of health care practice in the community. *Dekker* at 333, 766 P.2d at 1214. To satisfy § 6–1012, Anderson provided the expert testimony of Dr. Birkenhagen, alleging the failure to meet the applicable standard of health care practice in the community. Dr. Birkenhagen, in his affidavit, states:

It is, therefore, my opinion as a licensed surgeon practicing in Southeast Idaho, who is familiar with the standard of care in Bear Lake Memorial Hospital, that this type of operation should not have been performed at Bear Lake Memorial Hospital and as such is a deviation from appropriate health care standards based on a reasonable medical certainty.

Although this is sufficient to satisfy § 6–1012, this is only an element of Anderson's claim. Anderson must also prove causation. To survive summary judgment, Anderson cannot rest on mere allegations of

causation. I.R.C.P. 56(c); *Theriault v. A.H. Robins Co.*, 108 Idaho 303, 698 P.2d 365 (1985). Anderson must set forth specific facts showing there is a genuine issue for trial. *Id.*

▮ To prove causation, Anderson submitted several expert affidavits by Dr. Birkenhagen. The first two affidavits were insufficient to create a genuine issue of fact. The first two simply assert the negligence that took place was the performance of the surgery in an inadequate facility. The affidavits make no causal connection between the inadequate facility and the direct damage Anderson suffered in losing her stomach.

The third Supplemental Affidavit by Dr. Birkenhagen, however, provides:

Therefore, consistent with Dr. Smith's findings of the inflammation of the stomach, and although in my previous affidavit I thought that the linkage was established, the inflammatory changes that were secondary to the presence of the foreign body mesh graft on the lesser curve of the stomach necessitated the additional surgery by Dr. Smith, and as a result of the initial negligent performance of the vertical banded gastroplasty, [Anderson] sustained injury and damage in the form of requiring a second surgery and a near total loss of her stomach.

Therefore, based upon a reasonable medical certainty, the operation involving the vertical banded gastroplasty for morbid obesity was the proximate cause necessitating the [third] surgery ... and the subsequent ... loss of [Anderson's] stomach.

While these statements are not detailed, there was no objection made to their consideration by the trial court. They are sufficient to create an issue of fact regarding the negligent performance of the initial surgery and its relationship as the proximate cause of the damages ultimately suffered by Anderson. Therefore summary judgment in favor of Decker and Hollingsworth was improperly entered.

## B. Anderson has Failed to Meet the Requisite Elements of Informed Consent.

▮ The second issue relating to summary judgment is the issue of informed consent. "To establish a claim based on the doctrine of informed consent, a patient must prove three basic elements: nondisclosure, causation and injury." *Shabinaw v. Brown*, 131 Idaho 747, 751, 963 P.2d 1184, 1188 (1998) (citing *Sherwood v. Carter*, 119 Idaho 246, 257, 805 P.2d 452, 463 (1991)). There are two statutes regarding informed consent relevant in this case: I.C. § 39–4304 and I.C. § 39–4305. I.C. § 39–4304 provides:

SUFFICIENCY OF CONSENT. Consent for the furnishing of hospital, medical, dental or surgical care, treatment or procedures shall be valid in all respects if the person giving it is sufficiently aware of pertinent facts respecting the need for, the nature of and the significant risks ordinarily attendant upon such a patient receiving such care, as to permit the giving or withholding of such consent to be a reasonably informed decision. Any such consent shall be deemed valid and so informed if the physician or dentist to whom it is given or by whom it is secured has made such disclosures and given such advice respecting pertinent facts and considerations as would ordinarily be made and given under the same or similar circumstances, by a like physician or dentist of good standing practicing in the same community. As used in this section, the term "in the same community" refers to that geographical area ordinarily served by the licensed general hospital at or nearest to which such consent is given.

I.C. § 39–4305 provides:

FORM OF CONSENT. It is not essential to the validity of any consent for the furnishing of hospital, medical, surgical or dental care, treatment or procedures that the same be in writing or any other form of expression; however, when the giving of such consent is recited or documented in writing and expressly authorizes the care, treatment or procedures to be furnished, and when such writing or form has been executed or initialed by a person competent to give such consent for himself or another, such written consent, in the absence of convincing proof that it was secured maliciously or by fraud, is *presumed*

*to be valid for the furnishing of such care, treatment or procedures, and the advice and disclosures of the attending physician or dentist, as well as the level of informed awareness of the giver of such consent, shall be presumed sufficient.*

(Emphasis added).

 Decker and Hollingsworth argue that satisfying § 39-4305, by a written, signed consent, fulfills the requirements of § 39-4304. They contend § 39-4305 creates a presumption that the consent given by Anderson was informed, and the only way to rebut this presumption is to show convincing proof that it was secured maliciously or by fraud. This contention, however, is incorrect. This Court has previously held "[t]he convincing proof requirement applies only to challenges regarding whether the patient consented to the furnishing of medical care." *Rook v. Trout*, 113 Idaho 652, 658, 747 P.2d 61, 67 (1987), *overruled on other grounds by Sherwood v. Carter*, 119 Idaho 246, 805 P.2d 452 (1991). A patient challenging the "advice and disclosures" and the "level of informed awareness" is only required to overcome an ordinary presumption as to the sufficiency of consent. *Id.* Anderson challenges the disclosures by Decker and Hollingsworth, and is only required to overcome an ordinary presumption as to the sufficiency of consent. Therefore, to prove nondisclosure Anderson must prove that Decker and Hollingsworth failed to meet the objective, medical community-based standard of disclosure for informed consent as set forth in *Sherwood v. Carter*, 119 Idaho 246, 256, 805 P.2d 452, 462 (1991). *Sherwood* states

> [a] valid consent must be preceded by the physician disclosing those pertinent facts to the patient so that he or she is sufficiently aware of the need for, the nature of, and the significant risks ordinarily involved in the treatment to be provided in order that the giving or withholding of consent be a reasonably informed decision. The requisite pertinent facts to be disclosed to the patient are those which would be given by a like physician of good standing practicing in the same community.

*Id.* at 256, 805 P.2d at 462.

To support Anderson's claim for lack of proper disclosure, Anderson offered the expert affidavit of Dr. Birkenhagen. Dr. Birkenhagen concluded there had been a deviation from the local health care standard for several reasons: (1) the disclosure made by Hollingsworth minimized the risk of the initial surgery and failed to disclose the potential for loss of the stomach; (2) Anderson was not informed of the lack of an anesthesiologist and of a pulmonary specialist or the lack of available services, follow-up and additional care provisions at Bear Lake Memorial Hospital; (3) the operation should never have been performed at Bear Lake Memorial Hospital due to the complexity of the operation performed, the potential risks, complications, and lack of specialists in the area. Birkenhagen concluded this nondisclosure was a breach of the medical community-based standard of disclosure.

 This proffered testimony would appear to create a genuine issue of fact; however, further analysis is required. To survive summary judgment in an informed consent action, the plaintiff must be able to show not only a breach of the standard of care, but also that the breach was the proximate cause of his or her damages. *Hake v. DeLane*, 117 Idaho 1058, 1062, 793 P.2d 1230, 1234 (1990).

 To prove causation the plaintiff must show by a preponderance of the evidence that a prudent person in the patient's position would not have consented to the proposed procedure had full and adequate disclosure of the significant risks been made at the time consent was originally given. *Sherwood* at 258-59, 805 P.2d at 464-65.

 Thus, in order to prove causation Anderson must show by a preponderance of the evidence that "a reasonable person would have chosen no treatment or a different course of treatment had he or she been adequately informed by the physician." *Id.* at 259, 805 P.2d at 465. Anderson must also prove she has been injured as a result of submitting to the medical procedure. *Id.* at 257, 805 P.2d at 463. The record here totally lacks any allegations that had a reasonable person in Anderson's position been adequate-

ly informed, she would not have consented to the surgery.

## C. Attorney's Fees and Costs.

Because we find the award for summary judgment should be reversed on the breach of the Defendants standard of appropriate medical care, we set aside the cost award. Additionally, because Respondents are not the prevailing party on this appeal, we decline to award attorney's fees.

## IV.

## CONCLUSION

We reverse the grant of summary judgment to Decker and Hollingsworth on the issue of the breach of the standard of appropriate medical care because there existed material issues of fact concerning negligence and proximate cause, and remand for further proceedings. The award of costs below is likewise vacated. Costs, but not attorney fees, are awarded to Anderson on appeal.

Justices SCHROEDER, WALTERS, KIDWELL and EISMANN, concur.