108 P.3d 380

**Larry JENKINS and Susan Jenkins, Husband and Wife, Plaintiffs–Appellants,**

v.

**BOISE CASCADE CORPORATION, Pauline Irish, and Bonnie Gibbs, Defendants–Respondents.**

No. 30082.

Supreme Court of Idaho, Boise, December 2004 Term.

Feb. 23, 2005.

Lynch & Associates, PLLC, Boise, for appellants. James B. Lynch argued.

Jeffrey D. Neumeyer, Boise, argued for Respondents Boise Cascade Corporation, Pauline Irish and Bonnie Gibbs.

TROUT, Justice.

Larry and Susan (the Jenkins) brought this action against Boise Cascade seeking damages for breach of contract associated with Larry Jenkins' (Larry) termination of employment with Boise Cascade. The trial court granted Boise Cascade summary judgment on all of the Jenkins' claims. Because we agree with the district court that Larry was an at-will employee and could be terminated with or without cause, we affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Boise Cascade hired Larry in 1967 as an hourly employee. In approximately 1970, Larry became a salaried employee at the Boise Cascade Emmett facility. At that facility, Larry held several supervisory positions until Boise Cascade terminated his employment on June 8, 2000. Boise Cascade claims the decision to terminate was based on several factors, including Larry's failure to report serious employee relations concerns to human resources, advising a fellow employee to keep serious employee relations concerns quiet, failing to cooperate with a sexual harassment investigation, and remaining involved in that investigation after being ordered to discontinue that involvement. Boise Cascade also claims that a continued pattern of unacceptable job performance motivated the decision to terminate him.

The Jenkins filed this lawsuit against Boise Cascade and two Boise Cascade employees, Bonnie Gibbs and Pauline Irish (Gibbs and/or Irish), asserting in the complaint that Larry's termination was not for just cause and thus, violated the employment contract and the implied covenant of good faith and fair dealing. The Jenkins also contended that Boise Cascade should be estopped from asserting that Larry was an at-will employee. As to Irish and Gibbs, the Jenkins alleged they intentionally interfered with Larry's employment contract with Boise Cascade by seeking to invent false claims of unacceptable job performance against him in order to cover up the personal animus which Larry claims motivated Gibbs to have him terminated. The Jenkins also asserted counts of age discrimination and fraud.

In the fall of 2002, the district court granted Boise Cascade's motion to dismiss, dismissing the age discrimination claim on the basis that Larry had failed to exhaust his administrative remedies under the state and federal age discrimination laws, and also dismissing the tortious interference with contract claim against Boise Cascade. On August 29, 2002, the district court also conditionally granted Boise Cascade's motion to dismiss the fraud claim based on a lack of specificity but allowed the Jenkins additional time to amend the complaint. When the Jenkins attempted to amend their complaint, the district court denied the motion to amend due to the Jenkins further failure to comply with I.R.C.P. 9(b). No further efforts were made to amend the complaint.

Boise Cascade filed its motion for summary judgment on the remaining claims on June 18, 2003, with a hearing set for July 16, 2003. However, on July 1, 2003, the last day to initiate discovery within the court-ordered deadline, the Jenkins noticed up twelve depositions and served a voluminous number of interrogatories and requests for production. Also on July 1, 2003, the Jenkins filed a motion to vacate Boise Cascade's summary judgment hearing until outstanding discovery could be completed. At the hearing, the district court first considered the Jenkins' motion to vacate, which was denied based upon the Jenkins' failure to set forth in a Rule 56(f) affidavit what additional relevant discovery would be necessary to respond to the issues raised in the summary judgment motion. Thereafter, the district court heard Boise Cascade's summary judgment motion on the remaining contract claims and subsequently issued an order granting the motion in its entirety, finding that Larry was an at-will employee not entitled to relief as a matter of law. Boise Cascade moved for attor-

neys' fees under I.C. § 12–120(3) incurred in the defense of the Jenkins' contract-based claims. The district court awarded Boise Cascade its costs and awarded a reduced amount of attorneys' fees. The Jenkins timely filed this appeal.

## II.

### STANDARD OF REVIEW

■■■■ This Court reviews the district court's denial of the motion to vacate for an abuse of discretion, *Gubler v. Boe*, 120 Idaho 294, 296, 815 P.2d 1034, 1036 (1991), and will analyze if the trial court knew it had the discretion, acted within the parameters provided to it and demonstrated an exercise of reason. *Brady v. City of Homedale*, 130 Idaho 569, 572, 944 P.2d 704, 707 (1997) (quoting *Lankford v. Nicholson Mfg. Co.*, 126 Idaho 187, 188–89, 879 P.2d 1120, 1121–22 (1994)). When this Court reviews the district court's ruling on a motion for summary judgment, it employs the same standard as the district court's original ruling on the motion. *Farmers Ins. Co. v. Talbot*, 133 Idaho 428, 431, 987 P.2d 1043, 1046 (1999) (citing *Smith v. Meridian Joint Sch. Dist. No. 2*, 128 Idaho 714, 718, 918 P.2d 583, 587 (1996)). Summary judgment is appropriate when "the pleadings, depositions, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). We construe the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences in that party's favor. *Thompson v. Pike*, 125 Idaho 897, 899, 876 P.2d 595, 597 (1994). If reasonable people could reach different conclusions or inferences from the evidence, the motion must be denied. *Id.* at 900, 876 P.2d at 598; *Doe v. Durtschi*, 110 Idaho 466, 470, 716 P.2d 1238, 1242 (1986). However, the nonmoving party must submit more than just conclusory assertions that an issue of material fact exists to withstand summary judgment. *Northwest Bec–Corp. v. Home Living Serv.*, 136 Idaho 835, 839, 41 P.3d 263, 267 (2002). A mere scintilla of evidence or only slight doubt as to the facts is not sufficient to create a genuine issue of material fact for the purposes of summary judgment. *Id.*

## III.

### ANALYSIS

The Jenkins' main argument on appeal focuses on disputing the district court's conclusion that Larry was an at-will employee of Boise Cascade. Larry urges this Court to accept his theory that Boise Cascade had in place both at-will and for-cause processes and procedures to discharge personnel and, having chosen to terminate Larry for cause, assumed the burden of proving at trial that it had valid for-cause reasons for discharging him. The Jenkins also contend the district judge erred in denying the motion to vacate and in dismissing the fraud claim.

### A. Motion to Vacate

■■■ The Jenkins' attorney filed a motion to vacate the summary judgment hearing, asserting he was not prepared to respond to the motion within the time allowed. The attorney filed an affidavit in support of his motion to vacate, generally stating that the Jenkins had served written discovery and notices of depositions, that he believed the discovery would produce additional documents and testimony supporting the Jenkins' theories, and that he required the opportunity to use the responses and testimony in additional discovery in order to thoroughly respond to summary judgment. The district court denied the motion, finding that the Jenkins' attorney had failed to provide specific information in an affidavit as to what additional discovery was necessary and how it would be relevant to address the issues raised on summary judgment.

Although the Jenkins now raise this issue on appeal, they simply argue that it was improper for the district court to hear Boise Cascade's motion for summary judgment when there was still outstanding discovery to be completed, and have not articulated what the district court did wrong to abuse its discretion, nor have they cited any authority upon the issue. "This Court has consistently followed the rule that it will not review the

actions of a district court which have not been specifically assigned as error[,][e]specially where there are no authorities cited nor argument contained in the briefs upon the question." *Bolen v. Baker,* 69 Idaho 93, 99, 203 P.2d 376, 379 (1949).

Moreover, the district court was soundly within its discretion in denying the motion. Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986) (emphasis added). Pursuant to I.R.C.P. 56(f), a party may request from the court more time to respond to a pending motion for summary judgment. However, that party must articulate what additional discovery is necessary and how it is relevant to responding to the pending motion. I.R.C.P. 56(f).

It has been noted that a party who invokes the protection of Rule 56(f) must "do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits ... and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Allen v. Bridgestone/Firestone, Inc.,* 81 F.3d 793, 797 (8th Cir.1996). Further, in order to grant a motion for additional discovery before hearing a motion on summary judgment, the plaintiff has the burden of setting out "what further discovery would reveal that is essential to justify their opposition," making clear "what information is sought and how it would preclude summary judgment." *Nicholas v. Wallenstein,* 266 F.3d 1083, 1088–89 (9th Cir.2001).

In this case, the Jenkins' attorney's affidavit stated that additional written discovery and depositions were pending, but did not specify what discovery was needed to respond to Boise Cascade's motion and did not set forth how the evidence he expected to gather through further discovery would be relevant to preclude summary judgment. Although the affidavit states that the issues were too complex and the documents too numerous for the attorney to make an adequate response in fourteen days, he does not articulate why the issues were too complex for him to be prepared within fourteen days to present evidence through his own witnesses to create a genuine issue of material fact in a case that had been pending for more than a year. The district court recognized it had the discretion to deny the motion, articulated the reasons for so doing and exercised reason in making the decision. There was no abuse of discretion in denying the motion to vacate.

**B. Fraud Claim**

The Jenkins contention here is limited to a bare statement that the dismissal of the fraud claim was erroneous and premature and the granting of summary judgment deprived the Jenkins of their ability to attempt to further amend the complaint. However, upon review of the record, it is clear that the district court properly dismissed the fraud claim upon the Jenkins continuing failure to plead the elements of fraud with the specificity required by I.R.C.P. 9(b).

To prove fraud, the Jenkins must establish every one of the following elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge about its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearers ignorance of its falsity; (7) his reliance on the [representation]; (8) his rights to rely thereon; (9) his consequent and proximate injury.

*Witt v. Jones,* 111 Idaho 165, 168, 722 P.2d 474, 477 (1986). The absence of any one of the elements is fatal to recovery. *Id.* "The party alleging fraud must support the existence of each of the elements of the cause of action for fraud by pleading with particularity the factual circumstances constituting fraud." *Estes v. Barry,* 132 Idaho 82, 86, 967 P.2d 284, 288 (1998); *See also* I.R.C.P. 9(b).

The original complaint only generally alleged that Boise Cascade was involved in

several false accusations and false statements. The district court determined that the Jenkins had failed to plead with particularity any of the other required elements of fraud and, therefore, conditionally granted Boise Cascade's motion to dismiss, giving the Jenkins until November 15, 2002, to move to amend the fraud claim to conform to the requirements of I.R.C.P. 9(b). The Jenkins did attempt to amend their complaint, but at the hearing on the motion to amend, the district court denied the motion because the proposed amended complaint still lacked specificity.

▆▆▆ Upon reviewing both the original and amended complaints, it is clear there were no facts alleged which demonstrated Larry's reliance on any representations made to him, which in turn, resulted in some injury. Indeed, he acknowledges he knew many of the statements made were false and did nothing about it. In addition, we find persuasive the general rule articulated by the California Supreme Court that wrongful termination of employment ordinarily does not give rise to a cause of action for fraud, even if some misrepresentation is made in the course of the employee's dismissal. *See* Hunter v. Up–Right, Inc., 6 Cal.4th 1174, 26 Cal.Rptr.2d 8, 864 P.2d 88 (1993) (tort recovery is available only if the employee can establish all elements of fraud with respect to a misrepresentation that is separate from termination of the employment contract, i.e., when the employee's fraud damages cannot be said to result from the termination itself). Therefore, there was no error in dismissing the claim for fraud against Boise Cascade.

## C. Contract–Based Claims

The key component to the Jenkins' action is the contention that Boise Cascade terminated Larry without good cause in violation of the employment contract. Larry characterizes this employment contract as a "single tree" with "two branches" such that Boise Cascade had available to it two different mechanisms through which to terminate his employment. One mechanism allowed Boise Cascade to terminate an employee at will, i.e., for no reason whatsoever; while the other required Boise Cascade to have just cause before terminating an employee. Larry further asserts that once Boise Cascade chose to start down the road of termination for just cause (presumably by offering reasons for the decision to terminate him), it could not subsequently backtrack and claim that it was terminating him as an at-will employee.

The district court found that the employment contract did not include a term requiring Boise Cascade to have good cause for terminating the employment contract with Larry and, therefore, that the Jenkins' breach of contract claim failed as a matter of law. The court also found that Boise Cascade was not estopped from claiming that Larry was an at-will employee simply because it generally did not terminate its employees for no reason. Third, the district court rejected the Jenkins argument that Boise Cascade had breached the implied covenant of good faith and fair dealing in the manner in which they terminated him. Finally, the court determined there was no basis for asserting claims against Gibbs and Irish individually for tortious interference with the employment contract.

### 1. Breach of Contract Claim

▆▆▆ The district court correctly determined that Larry was an at-will employee of Boise Cascade. Unless an employee is hired pursuant to a contract that specifies the duration of the employment or limits the reasons for which an employee may be discharged, the employment is at the will of either party and the employer may terminate the relationship at any time for any reason without incurring liability. *Sorensen v. Comm Tek, Inc.*, 118 Idaho 664, 666, 799 P.2d 70, 72 (1990); *see also Metcalf v. Intermountain Gas Co.*, 116 Idaho 622, 624, 778 P.2d 744, 746 (1989). In fact, an employment contract is presumed to be at-will unless "the parties ... agree to a contract term limiting the right of either to terminate the contract at will." *Atwood v. Western Const. Inc.*, 129 Idaho 234, 237, 923 P.2d 479, 482 (Ct.App. 1996). A limitation on the right of the employer or employee to terminate the employment can be express or implied. *Sorensen*, 118 Idaho at 666, 799 P.2d at 72.

A limitation will be implied when, from all the circumstances surrounding the relationship, a reasonable person could conclude that both parties intended that either party's right to terminate the relationship was limited by the implied in fact agreement. *Metcalf,* 116 Idaho at 624, 778 P.2d at 746 (citations omitted). For instance, the presumption of an at-will employment relationship can be rebutted when the parties intend that an employee handbook or manual will constitute an element of an employment contract. *Mitchell v. Zilog, Inc.,* 125 Idaho 709, 712, 874 P.2d 520, 523 (1994). Whether the presumption is rebutted is normally a question of fact, unless an employee handbook specifically negates any intention on the part of the employer to have it become a part of the employment contract. *Id., citing Metcalf,* 116 Idaho at 625, 778 P.2d at 747.

The Jenkins submit there are several pieces of evidence in the record that show the at-will presumption has been rebutted in this case and that a limitation to the at-will employment contract has been established due to the circumstances surrounding his employment with Boise Cascade. The Jenkins claim: (1) that Boise Cascade was committed to treat its salaried employees fairly and consistently; (2) that even though Boise Cascade made reference to the "at will" status of employees in written publications received by Larry, salaried personnel in positions similar to Larry's were not normally discharged without cause; (3) that Larry and others were induced by statements and by practice to continue their employment with Boise Cascade; and (4) that Boise Cascade's disciplinary and termination practices were aimed at achieving consistency. Finally, the Jenkins assert that because Boise Cascade attempted to establish that he was being discharged for cause, he was not treated as an at-will employee.

None of this evidence creates a genuine issue of material fact that Boise Cascade had abandoned the right to terminate an employee at-will and had made an election to limit its reasons for terminating Larry only upon a showing of good cause. Initially, we note there is nothing in the record that rebuts the presumption that Larry was subject to an at-will agreement for employment. None of the Boise Cascade manuals, policies and pamphlets Larry has submitted contain language limiting the reasons for which Larry could be discharged. They do, however, contain language specifically negating any intention on the part of Boise Cascade that the manual, the handbook or other policies become part of the employment contract. In fact, this Court has already found that many of the same disclaimers and language found in Boise Cascade's employment publications negated that intention. *See Raedlein v. Boise Cascade Corp.,* 129 Idaho 627, 931 P.2d 621 (1996). Larry has admitted he has no written employment agreement, nor has he alleged any specific statements made by anyone at Boise Cascade that would amount to a contract for a specified term or limit the means of discharge.

The Jenkins maintain, however, that Boise Cascade forfeited the presumption that employment was at-will through its "two branches" program, whereby the company could choose to discharge an employee with or without cause. It appears the Jenkins are confusing Boise Cascade's right to discharge an employee for any reason, with some provisions in the Boise Cascade Benefits Plan which provide that employees may be eligible for severance benefits upon termination unless they are "separated for disciplinary reasons." The fact that Boise Cascade could terminate Larry at-will is distinguished from whether or not Boise Cascade may be required to pay him some type of post-termination benefits. Thus, there may be reasons why Boise Cascade would want to show cause for Larry's termination, but those reasons relate to entitlement to severance benefits and not with whether or not it had the ability to terminate him in the first place. The Jenkins' complaint alleges only wrongful termination and makes no claim for the wrongful denial of severance benefits; thus, there is no need to further discuss cause as it relates to severance pay.

An employer policy that states an employee may be discharged "with or without" cause does not rebut the at-will presumption. The employment manual at issue in *Mitchell* contained a provision stating that

employees could be terminated with or without cause, and the plaintiff there argued that such a provision rebutted the at-will presumption because the company was only sustaining the at-will relationship in certain situations. *Mitchell v. Zilog,* 125 Idaho at 713, 874 P.2d at 524. We rejected Mitchell's contention, finding that the policy simply stated the employers' right to terminate an employee with or without cause (the very definition of at-will), and did not represent the idea that an employee could only be terminated for cause. *Id.* Further, an employer may provide guidelines, which are necessary conditions for continued employment, and avoid having them read as a guarantee for a specific term of employment or placing limits on the reasons for discharge. *Thompson v. City of Idaho Falls,* 126 Idaho 587, 591, 887 P.2d 1094, 1098.

■■■ An employer's custom of only terminating employees for good cause is likewise not sufficient to support a claim of an implied contract term eliminating the employer's right to terminate at will. *Atwood,* 129 Idaho at 239, 923 P.2d at 484. As the Court of Appeals in *Atwood* reasoned:

> As a matter of policy, this Court will not consider evidence that a company does not usually fire employees without a good reason as by itself establishing that the company does not maintain an at-will employment policy. To do otherwise would encourage employers to occasionally fire employees for no other reason than to show that they maintain the freedom to do so.

*Id.* (quoting *Hartbarger v. Frank Paxton Co.,* 115 N.M. 665, 857 P.2d 776, 785 (N.M. 1993)), *cert. denied,* 510 U.S. 1118, 114 S.Ct. 1068, 127 L.Ed.2d 387 (1994). If we were to accept the Jenkins' contention that an employer who normally only fires employees for good cause should be held to have forfeited the ability to claim an at-will relationship with employees, the rule would necessarily swallow up the at-will presumption. Employers would be forced to arbitrarily fire an employee periodically just to reaffirm their right to discharge for no reason. Clearly, Larry was an at-will employee and Boise

Cascade was entitled to terminate him with or without cause at any time.

### 2. Estoppel Claim

■■■ As to the Jenkins' estoppel claim, it is contended that Boise Cascade, by its statements, promises, and actions over the long course of Larry's employment, modified any at-will employment status that may have originally existed and Boise Cascade is estopped from now claiming it was entitled to dismiss Larry without adequate cause. In order to present a prima facie case for estoppel in this case, the Jenkins must show (1) lack of knowledge and the means of knowledge of the truth as to the employer's intention that employment was terminable at-will; (2) reliance upon the conduct of the employer; and (3) a prejudicial change of position based on this lack of knowledge and reliance. *Raedlein,* 129 Idaho at 630, 931 P.2d at 624.

The district court, quoting from *Raedlein,* found that "[b]y presenting evidence of the disclaimers contained in the manual and the handbook, the employer shifted to the employee the burden of presenting evidence that would create a genuine issue of material fact whether the employer represented that" it would terminate Larry's employment prior to retirement only for good cause. *Id.* Since Larry only presented evidence that Boise Cascade generally did not terminate its employees for no reason, the district court found that such evidence did not create a genuine issue of material fact in the face of the disclaimers. The district court did not err.

### 3. Breach of the Covenant of Good Faith and Fair Dealing Claim

■■■ The Jenkins assert that no matter how the employment relationship between Boise Cascade and Larry is characterized, Boise Cascade breached the implied covenant of good faith and fair dealing when it engaged in bad faith conduct in inventing false reasons to fire him. Idaho law recognizes a cause of action for breach of an implied covenant of good faith and fair dealing. *Metcalf,* 116 Idaho at 626, 778 P.2d at 748. Such a covenant is found in all employment agreements, including employment-at-

will relationships. *Mitchell v. Zilog,* 125 Idaho at 709, 715, 874 P.2d 520, 526 (1994); *Sorensen,* 118 Idaho at 669, 799 P.2d at 75. An action by one party that violates, qualifies or significantly impairs any benefit or right of the other party under an employment contract, whether express or implied, violates the covenant. *Metcalf,* 116 Idaho at 627, 778 P.2d at 749. However, the covenant "does not create a duty for the employer to terminate the at-will employee only for good cause." *Id.* The covenant simply requires that the parties perform in good faith the obligations imposed by their agreement. *Thompson v. City of Idaho Falls,* 126 Idaho 587, 593, 887 P.2d 1094, 1100 (Ct.App.1994).

While the covenant may serve "to protect the employee from a discharge motivated by an employer's desire to avoid the payment of benefits already earned by the employee," this Court in *Metcalf* expressly rejected "the amorphous concept of bad faith as the standard for determining whether the covenant has been breached." *Metcalf,* 116 Idaho at 627, 778 P.2d at 749. In rejecting that standard, the Court cited the undesirability of requiring "a judicial inquiry into the subjective intentions of the party who is alleged to have violated the covenant." *Id.* As the district court noted, this is exactly the type of inquiry the Jenkins' claim for breach of the implied covenant of good faith and fair dealing would require of the courts.

■ Instead, the covenant is an objective determination of whether the parties have acted in good faith in terms of enforcing the contractual provisions. There was no genuine issue raised that any contractual term was not performed in good faith except for the fact that Larry was terminated, which clearly Boise Cascade had the right to do. Further, the covenant of good faith and fair dealing does not alter the right to fire an at-will employee; that is, the covenant does not create good cause as a requirement. Thus, the district court did not err in dismissing this cause of action.

### 4.Intentional Interference Claim

■ The Jenkins' tortious interference with contract claim was brought against Gibbs and Irish in their capacities as manag-

ers for Boise Cascade. Specifically, the Jenkins allege that Boise Cascade employed Irish and Gibbs in order to execute Boise Cascade's plan to induce employees in their late 50's to accept compromised retirement packages and to leave the company or be terminated. The Jenkins assert that Gibbs, with the knowledge and approval of Irish and other Boise Cascade management personnel, used various incidents to create a false basis setting up Larry for termination for cause.

■ The elements of tortious interference with a contract by a third party are: "(a) the existence of a contract; (b) knowledge of the contract on the part of the defendant; (c) intentional interference causing a breach of contract; (d) injury to the plaintiff resulting from the breach." *Ostrander v. Farm Bureau Mut. Ins. Co.,* 123 Idaho 650, 654, 851 P.2d 946, 950 (1993). The district court correctly dismissed this cause of action on summary judgment. Gibbs and Irish can be liable in their individual capacities only if they acted outside the scope of their duties with Boise Cascade. The Jenkins have consistently argued that Gibbs was acting to facilitate the objectives of Boise Cascade and that Gibbs acted with the acquiescence and understanding of Irish and her supervisors. Further, the Jenkins alleged that the "intentional acts of Bonnie Gibbs and Pauline Irish are in this case imputed to Defendant Boise Cascade Corporation, and [Boise Cascade] is liable for their acts and omissions." As there is no dispute between the parties that Gibbs and Irish were acting within the course and scope of their employment with Boise Cascade in these alleged activities, there is no "third party" to interfere with the contract. It is well established law in Idaho that a party cannot tortiously interfere with its own contract. *Ostrander,* 123 Idaho at 654, 851 P.2d at 950. The district court did not err in ruling in favor of Gibbs and Irish on this claim.

### D. Attorney Fees under I.C. § 12–120(3)

■ After prevailing below, Boise Cascade moved for an award of attorney fees

pursuant to I.C. § 12–120(3) and provided the court with a Memorandum of Costs, Disbursements and Attorneys' Fees, requesting an award of $50,451.98. The district court issued an Amended Judgment, finding that pursuant to IC. § 12–120(3) and IRCP 54(e)(1) and (3), Boise Cascade should be awarded $35,000 as reasonable attorneys' fees in defense of the Jenkins' contract-based claims. The Jenkins appeal the award of fees to Boise Cascade on the basis that Boise Cascade did not carry its burden of establishing that the transaction at issue in this case was commercial in nature in order to warrant an award of fees under I.C. § 12–120(3) and that, in fact, Larry's employment constituted a transaction for personal services, which does not permit an award under that statute. The Jenkins also submit that the award was in error because, while Boise Cascade clearly based their claim for attorneys' fees entirely on I.C. § 12–120(3), they did not describe the factual basis or sufficiently isolate the fees between the defense of an alleged commercial transaction and the defense of the tort-based claims.

First, we have already determined that the prevailing party in an action brought for breach of an employment contract is entitled to an award of fees under § 12–120(3), on the basis that an employment contract constitutes a contract for the purchase or sale of services under that statute. *See Clark v. State, Dept. of Health and Welfare*, 134 Idaho 527, 5 P.3d 988 (2000); *Atwood v. Western Const. Inc.*, 129 Idaho 234, 237, 923 P.2d 479, 482 (Ct.App.1996). Since Boise Cascade was the prevailing party in this employment dispute and it is clear that the gravamen of this case was a contract action, Boise Cascade was entitled to fees associated with the defense of the Jenkins' contract-related claims. Second, the record supports the conclusion that the fees attributable to the defense of the Jenkins' contract-related claims were sufficiently isolated from fees attributable to the defense of the other claims so as to make the award of attorney fees under § 12–120 calculable. Accordingly, the district court reduced the fees awarded to Boise Cascade to

include only those based on the defense of the breach of employment contract claims.

Boise Cascade also requests attorneys' fees on appeal for the defense of the Jenkins' contract-based claims pursuant to I.C. § 12–120(3). Boise Cascade is entitled to such an award on appeal for the same reasons stated above.

## IV.

## CONCLUSION

The district court properly exercised its discretion in denying the Jenkins' motion to vacate the summary judgment hearing. The district court also properly dismissed the Jenkins' fraud claim because it was not pled with particularity. The district court's decision awarding Boise Cascade summary judgment on the contract-based claims is affirmed because the Jenkins failed to establish a factual issue that Larry's employment was anything other than at-will and based largely on that, did not demonstrate any error in the ruling on their estoppel, breach of good faith and fair dealing and intentional interference with contract claims. Finally, the district court properly awarded Boise Cascade attorneys' fees incurred in the defense of the Jenkins' contract-based claims. Boise Cascade is awarded its attorney fees on appeal related to the defense of the contract-based claims, as well as costs on appeal.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and KIDWELL, Pro Tem concur.