IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39907

| | | |
|---|---|---|
| STERLING SAVINGS BANK, | ) | 2013 Unpublished Opinion No. 633 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 20, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| WILLIAM D. FAIRFIELD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant, | ) | BE CITED AS AUTHORITY |
| | ) | |
| and | ) | |
| | ) | |
| NICHOLAS S. BROWN, LANCE A. | ) | |
| DANIELS, MATTHEW ABRAHAM | ) | |
| DEREN, and DONNA M. FAIRFIELD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Valley County. Hon. Michael R. McLaughlin, District Judge.

Summary judgment, affirmed.

Robert A. Bartlett, St. Maries, for appellant.

Witherspoon Kelley; Mark A. Ellingsen, Coeur d'Alene, for respondent.

_____

LANSING, Judge

Defendant William D. Fairfield appeals from the judgment entered after the district court granted plaintiff Sterling Savings Bank's motion for summary judgment. Fairfield contends that the district court erred by denying his motion for a continuance of the summary judgment hearing and by granting the summary judgment motion. We affirm.

## I.

## BACKGROUND

In November 2010, Sterling Savings initiated suit against Fairfield and others to recover the deficiency owed on a loan after a foreclosure sale of the real property that secured the loan.

1

Fairfield filed an answer in February 2011. In May 2011, Sterling Savings filed a motion for summary judgment, along with an affidavit and other materials in support. A hearing date of July 7, 2011, was set. This hearing date, and one set thereafter, were continued so as to allow discovery to be completed. A new hearing date of December 7, 2011, was set. In October 2011, the son of Fairfield's attorney was killed in a hunting accident. To allow Fairfield's attorney time to recover and deal with this tragic loss, Sterling Savings stipulated to moving the hearing date to March 8, 2012.

On February 22, 2012, Fairfield filed a motion to continue the hearing and an affidavit of his attorney in support. In the affidavit, Fairfield's attorney asserted that he had not yet had time to recover from the loss of his son, that he had somehow lost his entire file, and that he had miscalendared the hearing date, all leaving him unable to prepare for the hearing. He requested a hearing date sometime after May 7, 2012. Sterling Savings filed an objection to the motion. Fairfield filed a response memorandum on the day before the scheduled hearing. The district court heard the matter the next day. Neither Fairfield nor his attorney attended the hearing. The district court denied Fairfield's motion to continue and granted Sterling Savings' motion for summary judgment. Fairfield appeals from the resulting judgment, certified as final under Idaho Rule of Civil Procedure 54(b).

## II.
## ANALYSIS

### A.     Motion for Continuance

Fairfield first asserts that the district court erred by denying his motion for a continuance. The decision to grant or deny a continuance of a summary judgment hearing is within the sound discretion of the trial court. *Taylor v. AIA Services Corp.*, 151 Idaho 552, 572, 261 P.3d 829, 849 (2011). When reviewing a discretionary decision of the district court, this Court determines whether the court (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion and consistently with applicable legal standards; and (3) reached its decision by an exercise of reason. *Blackmore v. Re/Max Tri-Cities, LLC*, 149 Idaho 558, 563, 237 P.3d 655, 660 (2010).

The argument section of the appellant's brief on this issue states in its entirety:

> The Defendant's motion, and subsequent reply to Plaintiff's opposition, included a declaration of counsel that provided sufficient facts to support the motion. It was essentially the first motion filed for cause, and the cause was

sufficient to warrant the motion. The court abused its discretion by denying the motion, even though the moving party was not present at the hearing.

Regarding Fairfield's attorney's need for more time to recover from the loss of his son, the tragedy he describes is overwhelming, and it is understandable that he would be unable to effectively represent clients for an extended period of time. Nevertheless, in such circumstance a trial court is not required to postpone proceedings indefinitely, to the detriment of other parties. Rather, it is incumbent upon the attorney to move to withdraw from representation so that another attorney can take his place and protect the client's interests. *See* Idaho Rule of Professional Conduct 1.16(a)(2).

The affidavit of Fairfield's attorney also averred that for the reasons stated there had "not been sufficient time for me to prepare for the hearing" and that if the motion for a continuance were not granted "[m]y Client's defense will be severely prejudiced." In an unsworn response to Sterling Savings' opposition to the motion, the attorney added that "the Defendant does have several means in which they (sic) intend to present material issues of fact that could possibly defeat the Plaintiff's motion." To support a motion for a continuance of a summary judgment proceeding, and to establish prejudice from a trial court's denial of the same, a party must do more than make vague references of this sort. This is made clear by our Supreme Court's holding in *Jenkins v. Boise Cascade Corp.*, 141 Idaho 233, 108 P.3d 380 (2005), where the Jenkins' attorney filed a motion to vacate the summary judgment hearing, asserting he was not prepared to respond to the motion within the time allowed. The attorney filed an affidavit generally stating that the Jenkins had served written discovery and notices of depositions, that he believed the discovery would produce additional documents and testimony supporting the Jenkins' theories, and that he required the opportunity to use the responses and testimony in additional discovery in order to thoroughly respond to summary judgment. The district court denied the motion, finding that the Jenkins' attorney had failed to provide specific information in an affidavit as to what additional discovery was necessary and how it would be relevant to address the issues raised on summary judgment. On Jenkins' appeal, our Supreme Court affirmed, stating:

> Moreover, the district court was soundly within its discretion in denying the motion. Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

3

and on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265, 273 (1986) (emphasis added). Pursuant to I.R.C.P. 56(f), a party may request from the court more time to respond to a pending motion for summary judgment. However, that party must articulate what additional discovery is necessary and how it is relevant to responding to the pending motion. I.R.C.P. 56(f).

It has been noted that a party who invokes the protection of Rule 56(f) must "do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits . . . and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Allen v. Bridgestone/Firestone, Inc.*, 81 F.3d 793, 797 (8th Cir. 1996). Further, in order to grant a motion for additional discovery before hearing a motion on summary judgment, the plaintiff has the burden of setting out "what further discovery would reveal that is essential to justify their opposition," making clear "what information is sought and how it would preclude summary judgment." *Nicholas v. Wallenstein*, 266 F.3d 1083, 1088-89 (9th Cir. 2001).

In this case, the Jenkins' attorney's affidavit stated that additional written discovery and depositions were pending, but did not specify what discovery was needed to respond to Boise Cascade's motion and did not set forth how the evidence he expected to gather through further discovery would be relevant to preclude summary judgment. Although the affidavit states that the issues were too complex and the documents too numerous for the attorney to make an adequate response in fourteen days, he does not articulate why the issues were too complex for him to be prepared within fourteen days to present evidence through his own witnesses to create a genuine issue of material fact in a case that had been pending for more than a year. The district court recognized it had the discretion to deny the motion, articulated the reasons for so doing and exercised reason in making the decision. There was no abuse of discretion in denying the motion to vacate.

*Jenkins*, 141 Idaho at 239, 108 P.3d at 386.

Applying the *Jenkins* analysis to this case, Fairfield did not state facts demonstrating why he needed more time to present his opposition to the summary judgment motion. By the time of the scheduled summary judgment hearing, the action had been pending for about sixteen months, and the summary judgment motion had been pending for approximately ten months. The attorney's affidavit did not state why in that amount of time, including two continuances prior to his son's passing, he had not been able to assemble evidence to respond to the summary judgment motion. The district court concluded that "I can't find, then, from the record before the court, that there's a basis or good cause for continuing the motion for summary judgment." We cannot say that an abuse of discretion has been shown.

**B. Merits of the Summary Judgment**

Fairfield also contends that the district court erred in granting the summary judgment motion because the plaintiff failed to properly calculate and give notice of the deficiency amount and because the evidence filed in support of the summary judgment motion was insufficient to warrant granting the motion. (Fairfield does not state in what way the evidence is insufficient.) Fairfield filed no substantive response to the summary judgment motion and did not appear at the hearing. Therefore, these issues were not raised below. This Court will not consider issues that are raised for the first time on appeal. *Barmore v. Perrone*, 145 Idaho 340, 343, 179 P.3d 303, 306 (2008).

**C. Attorney Fees and Costs**

As an additional issue presented under Idaho Appellate Rule 41(a), Sterling Savings requests an award of its attorney fees incurred in this appeal under Idaho Code § 12-120(3) and under a provision of the guaranty. We need only address the former. Idaho Code § 12-120(3) provides, in relevant part, as follows:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, *guaranty*, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

(emphasis added). This is an action to recover on a guaranty. Therefore, Sterling Savings, as the prevailing party in this appeal, is entitled to an award of attorney fees under section 12-120(3) in an amount to be determined by this Court.

### III.

### CONCLUSION

The district court's order denying Fairfield's motion for continuance and the judgment in favor of Sterling Savings is affirmed. Attorney fees and costs on appeal to Sterling Savings.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**

5