_____

No. 95-2398
_____

Gerald L. Allen,                        *
                                        *
        Appellant,                      *
                                        *   Appeal from the United States
    v.                                  *   District Court for the
                                        *   District of Minnesota.
Bridgestone/Firestone, Inc.,            *
                                        *
        Appellee.                       *

_____

                Submitted:  December 13, 1995

                    Filed:  April 19, 1996
                            _____

Before McMILLIAN, JOHN R. GIBSON, and BEAM, Circuit Judges.
                            _____

BEAM, Circuit Judge.


        Gerald L. Allen appeals the district court's[1] order granting summary
judgment to Bridgestone/Firestone, Inc. (Firestone).[2]  Allen contends that
he was constructively discharged due to his age, in violation of Minnesota
law.  We affirm.


I.    BACKGROUND


        Allen was employed by Firestone from June 20, 1981, to December 31,
1993.  He was originally hired as an assistant manager

_____

        [1]The Honorable James M. Rosenbaum, United States District
Judge for the District of Minnesota.

        [2]Bridgestone Tire Company acquired Firestone, Inc., thereby
forming the single-entity defendant in the present case.  For ease
of reference, we refer to the appellee as "Firestone" throughout
this opinion.

for one of Firestone's retail stores in Rochester, Minnesota, and was subsequently transferred to the St. Paul store on Hudson Road as a store manager. In May 1992, Firestone transferred Allen to its Ford Parkway location, where he worked as an assistant manager under manager Steven Gayheart. In March 1993, Allen received several reprimands. On December 22, 1993, Allen was suspended for three days allegedly in response to a customer complaint. On December 31, 1993, Allen submitted his letter of resignation to Firestone.

Allen was forty-nine years old when he filed this lawsuit on June 13, 1994. Allen brought an age discrimination claim, in which he alleged, inter alia, that Firestone constructively discharged him based on his age in violation of the Minnesota Human Rights Act, Minn. Stat. § 363.03, subd. 1(2)(c).[3] He also brought a negligence and breach of employment contract claim. Firestone removed the case to federal court based on diversity jurisdiction and moved for summary judgment.

The district court granted Firestone's motion for summary judgment, rejecting all of Allen's claims.[4] Allen appeals, contending the district court erred in concluding that he voluntarily resigned from the company. Allen also argues that the district court erred in granting Firestone's motion for summary judgment before he had finished discovery.

_____

[3]Allen also asserted that Firestone violated Minn. Stat. § 181.81, subd. 1(a) which provides, in relevant part: "It is unlawful for any private sector employer . . . to discharge . . . any individual on the grounds that the individual has reached an age of less than 70 . . . ."

[4]Allen only appeals the district court's grant of summary judgment on the age discrimination claim.

-2-

## II.  DISCUSSION

The district court may enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  We review the district court's grant of summary judgment de novo, e.g., Landreth v. First Nat'l Bank, 45 F.3d 267, 268 (8th Cir. 1995), and apply the same standards as the district court to determine whether summary judgment is appropriate.  After examining the allegations in the light most favorable to Allen, we conclude that he has failed to raise a genuine issue of material fact as to whether he was constructively discharged by Firestone.

The Minnesota Human Rights Act (MHRA) prohibits, among other things, an employer from discriminating against an employee based on the employee's age.  Minn. Stat. § 363.03, subd. 1(2)(b).  The MHRA provides, in pertinent part:  "Except when based on a bona fide occupational qualification, it is an unfair employment practice . . . [f]or an employer, because of . . . age, to discharge an employee."  Id.  In addition to state cases applying the MHRA, courts may look to federal cases interpreting analogous federal anti-discrimination statutes for guidance.  See, e.g., Continental Can Co., Inc. v. Minnesota, 297 N.W.2d 241, 246 (Minn. 1980).

In analyzing age discrimination claims under the MHRA, Minnesota courts utilize the three-step burden-shifting process set forth by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  See Hubbard v. United Press Int'l, Inc., 330 N.W.2d 428, 441 (Minn. 1983).  Under this three-step process, the plaintiff bears the initial burden of establishing a prima facie case by showing that:  (1) he belongs to a protected class; (2) he is qualified for the position; (3) he was discharged despite his

qualification; and (4) he was replaced by a person outside of the protected class.[5]  Elliott v. Montgomery Ward & Co., 967 F.2d 1258, 1260 (8th Cir. 1992); Pribil v. Archdiocese of St. Paul & Minneapolis, 533 N.W.2d 410, 412 (Minn. Ct. App. 1995).  If the plaintiff establishes a prima facie case, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions.  Elliott, 967 F.2d at 1262.  If the employer does so, the burden then shifts back to the plaintiff to prove that the proffered reasons were pretextual.  Id.  In the present case, Allen failed to establish a prima facie claim and thus we need not go beyond the first part of the three-step process.

To satisfy the elements of a prima facie age discrimination case, Allen must prove, among other things, that he was either actually or constructively discharged.  Because Allen undeniably submitted a resignation letter to Firestone, we focus our analysis on whether he was constructively discharged.  Constructive discharge occurs when an employer "deliberately renders the employee's working conditions intolerable and thus forces the employee to quit his job."  Johnson v. Bunny Bread Co., 646 F.2d 1250, 1256 (8th Cir. 1981) (quotation and citation omitted); see also Bradford v. Norfolk S. Corp., 54 F.3d 1412, 1420 (8th Cir. 1995).  The employer's actions must have been intended to force the employee to quit.  Hukkanen v. International Union, 3 F.3d 281, 285 (8th Cir. 1993).  "Constructive discharge plaintiffs . . . satisfy

---

[5]We note, however, the Supreme Court recently held that the fourth prong of a McDonnell Douglas prima facie case is not a proper element in the context of an age discrimination claim brought under the Age Discrimination in Employment Act (ADEA). O'Connor v. Consolidated Coin Caterers Corp., 1996 WL 142564, *2, *3 (U.S. Apr. 1, 1996) (concluding "the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class").  Because Allen failed to raise a genuine issue of material fact on the discharge element of a prima facie case, we need not analyze the replacement prong discussed in O'Connor.

Bunny Bread's intent requirement by showing their resignation was a reasonably foreseeable consequence of their employers' discriminatory actions." Id. Additionally, to prove that a constructive discharge occurred, the plaintiff must demonstrate that a reasonable person would find the working conditions intolerable. Bunny Bread, 646 F.2d at 1256. The intolerability of working conditions is judged by an objective standard, not the plaintiff's subjective feelings. See West v. Marion Merrell Dow, Inc., 54 F.3d 493, 497 (8th Cir. 1995).

At the district court level, Allen argued that Firestone treated him in a manner that would have caused any reasonable person to resign. Specifically, the district court enumerated several occurrences that Allen alleged constituted a constructive discharge. First, he was required to train younger employees. Second, his hours were reduced from forty-eight hours per week to forty hours per week, which also reduced his income. Third, management began giving part-time employees additional hours. Fourth, Allen was suspended for three days without pay as a result of an alleged customer complaint. Fifth, his hours were changed without giving him what he believed to be sufficient notice. Sixth, his request for a transfer was denied. Seventh, he was told that if he were not pleased with the denial of his transfer request, he could quit or become a floater (someone who works in several different stores).

Having considered these allegations, and others raised in Allen's pleadings, we conclude that Allen has failed to raise a genuine issue of material fact that Firestone intended to force his resignation, or that a reasonable person would have found the working conditions intolerable. Allen presented no evidence that it was Firestone's intention to force his resignation by engaging in the alleged conduct. In fact, the record contains evidence that would negate such an inference. When asked what happened after returning to work from his three-day suspension without pay, Allen

-5-

responded that Gayheart "just told me that he hoped I learned a lesson, that I could be a valuable asset to the store and the new employees." Allen Deposition at 103. This statement indicates that Allen's direct supervisor, Gayheart, did not intend for the suspension to force Allen to resign. Moreover, Allen admitted that he was not singled-out for several of the activities that he found to be objectionable. Allen conceded that other experienced employees were asked to train new employees. Id. at 68. Allen also stated that the work schedules of other employees were changed. Id. at 107. He also conceded that other employees were required to work night shifts. Id. at 82, 110. Gayheart made comments to other employees about their treatment of customers, which was the reason for Allen's three-day suspension. Id. at 106. Where, as here, employees are treated alike, "no particular employee can claim that difficult working conditions signify the employer's intent to force that individual to resign." Bristow v. Daily Press, Inc., 770 F.2d 1251, 1255 (4th Cir. 1985) (citation omitted), cert. denied, 475 U.S. 1082 (1986); see also Smith v. Goodyear Tire & Rubber Co., 895 F.2d 467, 473 (8th Cir. 1990).[6]

Finally, a reduction in pay does not necessarily constitute a constructive discharge. See, e.g., McCann v. Litton Sys., Inc., 986 F.2d 946, 951-52 (5th Cir. 1993). In the present case, Firestone simply eliminated Allen's overtime workload, thereby leaving his regular forty-hour work week intact. Therefore, even assuming that all of Allen's allegations are true, he nevertheless failed to raise a genuine issue of material fact as to one of the

---

[6]The record also indicates that Firestone denied Allen's request to transfer because there were no openings and that Allen was not interested in working at several different stores as a "floater." Allen Deposition at 111-12.

necessary elements of his prima facie case, namely that he was discharged.[7] Accordingly, Allen's claim fails as a matter of law.

Allen next asserts that the district court erred in granting summary judgment before he had the opportunity to complete discovery. Specifically, Allen argues that it was error for the district court to grant summary judgment before certain interrogatories[8] were answered and before he could depose the district manager. The district court entered its order granting summary judgment on April 24, 1995, approximately one week before the discovery deadline of May 1, 1995.

As the party opposing the motion for summary judgment, Allen can request that the district court delay ruling on the motion until the completion of additional discovery. Fed. R. Civ. P. 56(f). Under Rule 56, Allen may submit an affidavit stating the reasons that he cannot present facts essential to justify his opposition. Id. Upon the filing of such an affidavit, "the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Id. We review the denial of a request for discovery under Rule 56(f) for an abuse of discretion. See Waible v. McDonald's Corp., 935 F.2d 924, 926 (8th Cir. 1991) (per curiam).

To fall under the protection of Rule 56, a party must articulate what additional discovery is necessary and how it is relevant to the opposition of the pending motion for summary

---

[7]We need not, therefore, determine whether he raised a genuine issue of material fact as to the remaining elements of a prima facie case of age discrimination.

[8]According to Allen, the unanswered interrogatories were designed to gather statistical information on Firestone employees who were hired and fired during certain years.

-7-

judgment.  We have noted that a party who invokes the protection of Rule 56(f)

> must do so in good faith by affirmatively demonstrating why he
> cannot respond to a movant's affidavits as otherwise required
> by Rule 56(e) and how postponement of a ruling on the motion
> will enable him, by discovery or other means, to rebut the
> movant's showing of the absence of a genuine issue of fact.

Willmar Poultry Co. v. Morton-Norwich Prods., Inc., 520 F.2d 289, 297 (8th Cir. 1975), cert. denied, 424 U.S. 915 (1976).  In the present case, Allen asserted that certain interrogatories remained unanswered and that he had not yet deposed the district manager.  Allen failed, however, to demonstrate how any of this discovery would be relevant in helping him establish that he was constructively discharged.  Therefore, we agree with the district court that no additional discovery was required before ruling on Firestone's motion for summary judgment.

## III. CONCLUSION

For the reasons discussed above, we conclude the district court did not err in granting summary judgment to Firestone.  Accordingly, we affirm the district court's order.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.