# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 49915

| | | |
|---|---|---|
| VIVIAN NIPPER, an individual, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Boise, December 2023 Term |
| | ) | |
| v. | ) | Opinion filed: February 1, 2024 |
| | ) | |
| LORE B. WOOTTON, M.D., and ROBERT A. MAIRS, D.O., | ) ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendants-Respondents, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WEISER MEMORIAL HOSPITAL DISTRICT dba WEISER MEMORIAL HOSPITAL, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, Washington County. Susan Wiebe, District Judge.

The judgment of the district court is <u>affirmed</u>.

McConnell Wagner Sykes & Stacey, PLLC, Boise, for Appellant Vivian Nipper. Chad Nicholson argued.

Quane McColl, PLLC, Boise, for Respondent Lore B. Wootton, M.D. Vala Metz argued.

Varin Thomas LLC, Boise, for Respondent Robert A. Mairs, D.O. John Varin argued.

_____

MOELLER, Justice.

This case concerns a medical malpractice action; however, the crux of the appeal centers on the application of Rule 56(d) of the Idaho Rules of Civil Procedure, a rule governing summary judgment motions.

1

Vivian Nipper sued Dr. Lore Wootton, M.D., Dr. Robert Mairs, D.O., and the Weiser Memorial Hospital District for malpractice, claiming that she was injured during the delivery of her child via a cesarean section ("c-section"). After a significant period of discovery, Dr. Wootton moved for summary judgment on the claims asserted against her. In response to the motion, Nipper moved for Rule 56(d) relief, requesting additional time to respond to Dr. Wootton's motion for summary judgment. The district court[1] denied the request for Rule 56(d) relief and granted summary judgment in favor of Dr. Wootton. Over a year later, Dr. Mairs filed a motion for summary judgment on the claims asserted against him. Nipper again filed a motion seeking Rule 56(d) relief. The district court again denied Nipper's request for Rule 56(d) relief and granted summary judgment in favor of Dr. Mairs. Nipper timely appealed.

On appeal, Nipper argues that the district court erred in denying both motions for Rule 56(d) relief and in subsequently granting summary judgment in favor of Dr. Wootton and Dr. Mairs. For the reasons stated below, we affirm the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 1, 2018, Vivian Nipper delivered her child via c-section at Weiser Memorial Hospital in Weiser, Idaho. The c-section was performed by Dr. Wootton, a family practice physician with an obstetrics practice in Weiser. In her complaint, Nipper alleged that during the cesarean delivery, Dr. Wootton "negligently and/or recklessly" cut her bladder, causing significant damage. After the injury to Nipper's bladder, Dr. Wootton requested immediate assistance from Dr. Mairs, a board-certified obstetrician and gynecologist living in Ontario, Oregon. Dr. Mairs explained that because he was not on-call, it took him "at least an hour or more to get [himself] ready and to travel from Ontario, Oregon to Weiser, Idaho."

Upon Dr. Mairs' arrival, Nipper was still in surgery. Dr. Mairs assisted and attempted to repair Nipper's bladder. Dr. Mairs observed anterior and posterior injuries to the bladder walls and attempted to "create a flap between the uterus and bladder to establish a new surgical plane over which the bladder could be repaired." However, after further evaluation, Dr. Mairs "determined that [he] could not safely remove the sutures from the [previous] uterine closure and therefore not entirely separate the bladder from the uterus." After multiple attempts to "oversew" the bladder,

---

[1] At all times pertinent to the rulings challenged in this appeal, Susan Wiebe, District Judge, was the presiding judge. Following Judge Weibe's retirement in 2021, this case was assigned to Kiley Stuchlik, District Judge, who signed the final judgment.

Dr. Mairs concluded that "further surgical intervention was futile . . . ." Dr. Mairs recommended that Nipper "have continuous catheter drainage with a Foley catheter to allow the bladder to heal on its own and until she could be further evaluated by a urologist." After closing the muscles and fascia, Dr. Wootton completed the rest of the surgical closure.

Nipper filed a complaint on June 25, 2019, naming Dr. Wootton and Dr. Mairs among the defendants. In addition to the allegation against Dr. Wootton related to the initial injury to her bladder, Nipper further alleged that in attempting to repair the damage, Dr. Mairs "failed to provide the applicable standard of care by . . . failing to consult with a urologist and failing to adequately repair the injury [to Nipper's bladder]." As a result of the defendants' negligence, Nipper alleged that she had "suffered bodily injuries, including but not limited to, bladder/vaginal lacerations; has not been able to continue with her employment; has incurred medical expenses and will incur ongoing medical expenses; and in addition, Nipper has and continues to endure pain and suffering and loss of enjoyment of life."

On July 31, 2020, after more than a year to conduct discovery, Dr. Wootton moved for summary judgment. In the memorandum in support of her motion, Dr. Wootton explained that she had proffered an affidavit from her expert witness explaining "how Dr. Wootton complied at all times with [the] standard of health care practice with respect to her care and treatment of [Nipper]." Thus, Dr. Wootton argued that "the opinions expressed by [Wootton's medical expert] in her [a]ffidavit are sufficient to shift the burden to [Nipper] who must produce an expert affidavit consistent with the requirements of [*Dulaney v. St. Alphonsus Regional Medical Center*, 137 Idaho 160, 164, 45 P.3d 816, 820 (2002),] to create an issue of fact."

Nipper did not file anything in opposition to the factual and legal basis for Dr. Wootton's motion for summary judgment. Instead, on August 31, 2020, Nipper simply filed a motion for relief under Idaho Rule of Civil Procedure 56(d) requesting "an additional 43 days, *i.e.* October 13, 2020, to respond to the summary judgment motion filed by [Dr, Wootton] on July 31, 2020." Rule 56(d) provides a nonmoving party relief from summary judgment when, in the discretion of the trial court, the nonmovant shows "for specified reasons, it cannot present facts essential to justify its opposition. . . ." Nipper's attorney offered the following reason in support of her Rule 56(d) motion: "[Nipper] has retained an expert witness for this matter but has not yet determined if that individual will be called as a witness at trial or if other individuals will be called as an expert."

3

Dr. Wootton opposed the request for Rule 56(d) relief, contending that "[d]espite the passage of over fourteen months and repeated attempts by the defense to engage in discovery, [Nipper] has disclosed no such evidence necessary to make her case." Further, Dr. Wootton asserted that the declaration statements proffered by Nipper were "wholly insufficient and fail to set forth in good faith why this basic discovery was not reasonably conducted well before now." Dr. Wootton continued by asserting that Nipper had "demonstrate[d] a lack of due diligence and good faith in pursuing this matter which do not support this [c]ourt stepping in and granting additional time under the circumstances presented."

The district court heard oral argument on Nipper's motion in September 2020, after which it denied the Rule 56(d) motion from the bench, explaining:

> So I find that the situation in this case is similar to both the [*Jenkins v. Boise Cascade Corporation*, 141 Idaho 233, 108 P.3d 380 (2004)] and [*Taylor v. AIA Services Corporation*, 151 Idaho 552, 261 P.3d 829 (2011)] cases. In support of her motion for more time, plaintiff alleges as follows: ["]It is anticipated that responses to written discovery and depositions will provide further information regarding the care and treatment provided to the plaintiff by the defendants to this matter, information that is necessary to determine which experts will be called by plaintiff at trial and to finish evaluating the care and treatment received by plaintiff.["]

> This overly-broad language would make more sense if discovery had just begun or if defendants were somehow not participating in discovery in good faith. Here the opposite is true. Plaintiff's complaint was filed June 25th of 2019, served upon defendants in September of 2019. Plaintiff served her answers to Wootton's discovery on November 14th, 2019, and there was no disclosure of any expert witnesses. Unrebutted by plaintiff, she has not responded to Wootton's e-mails requesting supplemental discovery requests for medical records and/or signed releases from plaintiff. Plaintiff did not respond to Wootton's attempt to depose plaintiff in April of 2020. This case has been going on for almost 15 months now, and plaintiff has not yet begun or has only recently begun the process of discovery. Defendant Wootton filed the motion for summary judgment on July 31st, 2020, and yet plaintiff had not even set deposition dates by the time she responded with her 56(d) motion on August 31st, 2020. The [c]ourt finds plaintiffs have not participated in discovery in good faith.

> And I found it somewhat, I don't know if it's odd, but typically where I have a request for additional time, the other party will at least make some kind of a showing, because I'm told that there is an expert witness that has been consulted by the plaintiff, but something in the record so that the [c]ourt would have something in case their 56(d) motion is denied, and nothing was filed by plaintiff.

> The [c]ourt denies the requested relief because plaintiff has not participated in discovery in good faith, has failed to set forth what relevant information she needs or to provide a reasonable basis to believe additional discovery will produce

new or relevant information not previously disclosed that would preclude summary judgment.

After denying the motion for Rule 56(d) relief, the district court then turned to Dr. Wootton's motion for summary judgment. As discussed above, Nipper did not oppose the summary judgment motion beyond requesting Rule 56(d) relief. The court concluded that in the absence of expert testimony that satisfied the requirements of Idaho Code section 6-1012 regarding the community standard of care, and considering that Dr. Wootton had proffered such testimony from her expert, Dr. Wootton was entitled to summary judgment. The district court then entered a judgment dismissing Nipper's case against Dr. Wootton.

The case then proceeded against the remaining defendants, including Dr. Mairs. After another year had passed, on October 28, 2021, Dr. Mairs moved for summary judgment. In his memorandum in support of summary judgment, Dr. Mairs argued that he had met the applicable community standard of care and challenged Nipper's expert, preemptively arguing that Nipper's expert was not qualified because the expert had not become familiarized with the local standard of care. Importantly, Dr. Mairs proffered expert witness testimony in the form of an affidavit to show that he "met or exceeded" the applicable community standard of care. Nipper again sought Rule 56(d) relief. In her request for relief, Nipper explained why additional time to respond was necessary:

> [Nipper] seeks an additional 14 days to respond to Defendant Mairs' summary judgment motion. As set forth above and more thoroughly in the Declaration of Chad M. Nicholson, Plaintiff has not been able to obtain the necessary declarations to oppose Mairs' summary judgment motion because of trial obligations in another matter. *See generally Declaration of Chad M. Nicholson in Support of Motion for Rule 56(d) Relief for Additional Time to Respond Re Defendant Robert A. Mairs, D.O. Motion for Summary Judgment ("Nicholson Dec.")*, filed concurrently herewith.

> [Nipper] submits that a 14-day extension of time is warranted in light of the undersigned trial calendar, the existing, summary judgment deadlines and given that trial of this matter is set to being [sic] in approximately five (5) months.

This time, Nipper opposed summary judgment by timely filing a brief in opposition. While Nipper argued that her previously designated expert had "provided sufficient foundation to testify to the applicable standard of care [through her expert witness

disclosure provided to the defendant]," [2] and that genuine issues of material fact existed, Nipper again failed to offer admissible expert testimony establishing that Mairs negligently failed to meet the applicable standard of care as required by Idaho Code section 6-1012.

The district court ruled from the bench, again denying the motion for Rule 56(d) relief, concluding that "the analysis is even less favorable to plaintiff" than when she requested Rule 56(d) relief previously. The district court explained that:

> [N]ot only has [Nipper] had *more than an additional year* to conduct discovery since her previous 56(d) motion was denied, the declaration from plaintiff's counsel does not satisfy the threshold requirements of 56(d) relief. There's been no attempt to articulate what additional discovery is necessary and how it is relevant in responding to the motion. Also, I've already found plaintiff has failed to participate in discovery in good faith.

(Emphasis added). After denying the request for Rule 56(d) relief, the district court then granted Dr. Mairs' motion for summary judgment, concluding that the lack of expert testimony regarding the local standard of care again proved dispositive to the summary judgment motion:

> At the outset, the most obvious general observation is that [Nipper] has failed to offer expert testimony indicating that the Defendant, Mairs, negligently failed to meet the applicable standard of healthcare practice. More importantly, in support of his motion, Defendant Mairs has submitted the affidavit of Dr. Wohlrab, board-certified [OBGYN] who practices medicine in Rhode Island and teaches in the area of female pelvic medicine at Albert Medical School of Brown University.

> Although Dr. Wohlrab does not practice medicine in Idaho, he testified he consulted with Dr. Mairs to familiarize himself with the relevant standard of care in Weiser at the time of plaintiff's alleged injuries.

> In short, Dr. Wohlrab qualifies as an expert witness as required by Idaho Code subsection[s] 6-1012 and 6-1013.

> It is his opinion that Dr. Mairs' care and treatment of plaintiff complied with the local community standard of care in Weiser, Idaho on April lst, 2018. Having shown that Dr. Mairs acted in accordance with the local standard of care, the burden now shifts to [Nipper] to rebut this showing.

> [Nipper] has simply failed to do so; therefore, the [c]ourt grants Dr. Mairs' motion for summary judgment.

---

[2] To be clear, Nipper did not offer the expert witness disclosure statement in her opposition to summary judgment. Instead, Nipper only relied on the exhibit offered by Dr. Mairs in moving for summary judgment, which was offered by Dr. Mairs to show the lack of familiarity with the community standard of care of Nipper's expert. Importantly, the expert witness disclosure is a document made and executed by counsel and not the sworn testimony of the expert.

Thereafter, final judgment was entered on May 31, 2022. Nipper timely appealed both denials of Rule 56(d) relief and the subsequent grants of summary judgment to Dr. Wootton and Dr. Mairs.[3]

## II. STANDARD OF REVIEW

"Under Idaho Rule of Civil Procedure 56(d), a motion for an extension of time to file additional affidavits, depositions, and interrogatories in opposition to a motion for summary judgment lies within the discretion of the district court." *Haight v. Idaho Dep't of Transp.*, 163 Idaho 383, 388, 414 P.3d 205, 210 (2018) (citing *Carnell v. Barker Mgmt. Inc.*, 137 Idaho 322, 329, 48 P.3d 651, 658 (2002)). When this Court reviews a discretionary decision of the district court, this Court considers four elements: "Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III. ANALYSIS

On appeal, Nipper challenges the grants of summary judgment solely on the basis that the district court improperly denied her motions for Rule 56(d) relief as to both doctors. By limiting the scope of her appeal in this manner, Nipper has implicitly conceded that absent the additional evidence she might have produced had her Rule 56(d) motions been granted, the district court did not err in granting summary judgment on the basis that there were no genuine issues of material fact and that the doctors were entitled to summary judgment as a matter of law. I.R.C.P. 56(a). Thus, our review is limited to whether the district court abused its discretion in denying Rule 56(d) relief to Nipper as it pertains to Dr. Wootton's and Dr. Mairs' motions for summary judgment.

### A. The purpose and function of Rule 56(d).

Rule 56 of the Idaho Rules of Civil Procedure governs motions for summary judgment. Rule 56(a) provides that "[a] party may move for summary judgment, identifying each claim or defense, or the part of each claim or defense, on which summary judgment is sought." The rule requires the district court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). Rules 56(b)(1) and (2) set forth the time requirements for filing, scheduling, and responding

---

[3] The other defendants named in the original complaint and the amended complaint are not parties in this appeal.

to a motion for summary judgment, while Rule 56(b)(3) provides that the trial court "may alter or shorten the time periods and requirements of this rule for *good cause shown . . . .*" I.R.C.P. 56(b)(3) (emphasis added).

In addition to providing a mechanism to "alter or shorten" the time to respond to a motion for summary judgment upon a showing of good cause, Rule 56(d) provides additional relief when the nonmoving party establishes it "cannot present facts essential" to its opposition of the motion. Specifically, Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, *for specified reasons*, it cannot present facts essential to justify its opposition, the court may:
>
> (1)   defer considering the motion or deny it;
>
> (2)   allow time to obtain affidavits or declarations or to take discovery; or
>
> (3)   issue any other appropriate order.

I.R.C.P. 56(d) (emphasis added). Thus, a threshold requirement for obtaining Rule 56(d) relief is that the party seeking such relief must provide specific reasons why it cannot present essential facts to oppose summary judgment within the allotted timeframes.

We have explained that the reasons for granting Rule 56(d) relief include "how postponement of a ruling on the motion will enable [a party], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Jenkins v. Boise Cascade Corp.*, 141 Idaho 233, 239, 108 P.3d 380, 386 (2005) (quoting *Allen v. Bridgestone/Firestone, Inc.*, 81 F.3d 793, 797–98 (8th Cir. 1996)). Additionally, in the context of the need for additional discovery, this Court has made clear that "the [party seeking relief] has the burden of setting out 'what further discovery would reveal that is essential to justify their opposition,' making clear 'what information is sought and how it would preclude summary judgment.' " *Id.* at 239, 108 P.3d at 386 (quoting *Nicholas v. Wallenstein*, 266 F.3d 1083, 1088–89 (9th Cir. 2001)). This same standard can be applied to the time to obtain responsive affidavits. Accordingly, we hold that a party seeking Rule 56(d) relief for additional time to obtain responsive affidavits has the burden of setting forth what information it seeks to obtain and how it would preclude summary judgment.

The "specified reasons" requirement in Rule 56(d) can be said to include (1) the reasons for the inability to proffer the affidavit within normal summary judgment timeframes and (2) the type of information that would be proffered within the affidavit itself when it became available, explaining how it is essential to the opposition of summary judgment. Given this requirement, we

8

have not interpreted Rule 56(d) as permitting generalized requests for additional time. *See Jenkins*, 141 Idaho at 239, 108 P.3d at 386 ("[The] affidavit stated that additional written discovery and depositions were pending, *but did not specify what* discovery was needed to respond to [the] motion *and did not set forth how* the evidence he expected to gather through further discovery would be relevant to preclude summary judgment." (emphasis added)). Instead, we adhere to Rule 56(d)'s requirement for "specified reasons," which a party diligently preparing their case for trial should readily be able to provide. For example, under Rule 56(d) parties are protected from a premature motion for summary judgment by showing that (1) the discovery period has just commenced, (2) what steps have been undertaken to obtain discovery, and (3) detailing what they expected the discovery to show. In this way, Rule 56(d) serves as a tool to protect the diligent, rather than as a lifeline for the unprepared.

**B. The district court did not abuse its discretion in denying Nipper's first motion for Rule 56(d) relief from Dr. Wootton's summary judgment motion.**

In challenging the district court's denial of her request for Rule 56(d) relief from Dr. Wootton's motion for summary judgment, Nipper largely relies on the unsupported assertion that the summary judgment motion required her to disclose expert witness information that was not yet required to be produced under the scheduling order. Reviewing the record, we note that the scheduling order has not been included. Aside from Nipper's own representations and assertions, there is nothing in the record before us establishing when the expert witness disclosure deadline was in relation to the timing of the motion for summary judgment, and what was required to be disclosed.

We have previously made clear: "[t]he party appealing a decision of the district court bears the burden of ensuring that this Court is provided a sufficient record for review of the district court's decision." *Gibson v. Ada County*, 138 Idaho 787, 790, 69 P.3d 1048, 1051 (2003) (citations omitted); *see also* I.A.R. 28(a) ("Parties are responsible for designating the documents which will comprise the clerk's record on appeal. The standard record . . . is not designed to include many items . . . which may be pertinent to the appeal in a specific case."). Further, we have explained that "[w]hen a party appealing an issue presents an incomplete record, this Court will presume that the absent portion supports the findings of the district court." *Gibson*, 138 Idaho at 790, 69 P.3d at 1051 (citing *Orthman v. Idaho Power Co.*, 134 Idaho 598, 603, 7 P.3d 207, 212 (2000)). Since the scheduling order has not been included in the record on appeal, the missing scheduling order is

presumed to support the district court's findings. *Id.* Beyond that, we express no opinion on the propriety of the arguments which rely on the deadlines set forth in the scheduling order in evaluating a Rule 56(d) motion.

Counsel for Nipper recognized the omission from the record and conceded as much at oral argument. Counsel explained that he would have to "walk back" some of the arguments in his briefing because counsel failed to ensure the scheduling order was part of the record on appeal. Considering the scheduling order's absence from the record, counsel clarified that his argument was simply that Nipper requested 43 additional days to respond to summary judgment and that her request was improperly denied.

In light of counsel's concession, and aside from referencing that Nipper only had "four and a half (4 ½) months to provide her expert witness testimony" after receiving certain discovery from Dr. Wootton, Nipper provides no basis for how the district court abused its discretion in denying Nipper's request for 43 additional days to respond to Dr. Wootton's motion for summary judgment. While Nipper argues at length that she participated in discovery in good faith, we need not address that portion of the district court's decision because the affidavit of counsel submitted on Nipper's behalf in support of her motion for Rule 56(d) relief fails to explain "how postponement of a ruling on the motion will enable [her], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Jenkins v. Boise Cascade Corp.*, 141 Idaho 233, 239, 108 P.3d 380, 386 (2005) (quoting *Allen v. Bridgestone/Firestone, Inc.,* 81 F.3d 793, 797–98 (8th Cir.1996)).

Importantly, as we have explained, the party seeking Rule 56(d) relief "has the burden of setting out 'what further discovery would reveal that is essential to justify their opposition,' making clear 'what information is sought and how it would preclude summary judgment.' " *Id.* (quoting *Nicholas v. Wallenstein,* 266 F.3d 1083, 1088–89 (9th Cir. 2001)). Nipper has failed to meet this burden. In requesting Rule 56(d) relief from Dr. Wootton's motion for summary judgment, the affidavit from counsel explained that:

> Plaintiff *intends* to serve written discovery upon each Defendant to this matter no later than Wednesday, September 2, 2020 and will notice depositions of the individual Defendants in this matter to occur no later than the week of October 4, 2020. It is *anticipated* that responses to written discovery and depositions will provide further information regarding the care and treatment provided to the Plaintiff by the Defendants to this matter – information that is necessary to

> determine which experts will be called by Plaintiff at trial and to *finish evaluating* the care and treatment received by Plaintiff.

(Emphasis added).

Much like the generalized affidavits we disapproved of in *Jenkins*, this statement does not set out " 'what further discovery would reveal that is essential to justify their opposition,' making clear 'what information is sought and how it would preclude summary judgment.' " *Jenkins*, 141 Idaho at 239, 108 P.3d at 386 (quoting *Nicholas*, 266 F.3d at 1088–89). Counsel explained that he "anticipate[d]" that there was "further information regarding the care and treatment provided" to Nipper, but there is no indication *what* that information is or *how* that information was essential to rebut Dr. Wootton's expert testimony showing that Dr. Wootton complied with the community standard of care in Nipper's treatment. While counsel for Nipper states that additional discovery "is necessary to determine which experts will be called" and "to finish evaluating the care and treatment" provided to Nipper, there was no express indication that any expert can or will testify that Dr. Wootton's care fell below the applicable community standard of care. Nor is there any explanation detailing what the additional discovery was expected to reveal. To the contrary, counsel for Nipper indicated that the discovery was needed to "finish evaluating" the care and treatment of Nipper in the first instance. This falls well short of the standard this Court set forth in *Jenkins*. Notably, the affidavit fails to provide a satisfactory explanation for why, more than a year into the case, such information had not yet been obtained.

As this Court has said, "[t]he appellant has the burden of showing the lower court abused its discretion." *In re Prefiling Order Declaring Vexatious Litigant*, 164 Idaho 771, 776, 435 P.3d 1091, 1096 (2019) (citing *Lunneborg*, 163 Idaho at 863, 421 P.3d at 194). Based upon the ground for Rule 56(d) relief asserted here, we conclude that Nipper has not demonstrated how the district court abused its discretion in denying her motion. Since it is Nipper's burden to establish not only that the district court erred, but also how it erred, we conclude that Nipper has failed to carry her burden. Accordingly, we affirm the district court's denial of Nipper's request for Rule 56(d) relief from Dr. Wootton's motion for summary judgment, as well as its decision to grant summary judgment to Dr. Wootton.

## C. The district court did not abuse its discretion in denying Nipper's second motion for Rule 56(d) relief from Dr. Mairs' summary judgment motion.

In challenging the district court's denial of Nipper's second request for Rule 56(d) relief, this time concerning Dr. Mairs' motion for summary judgment, Nipper argues that "the district

11

court erred when it held that no explanation was offered as to why additional time was needed to submit a declaration from her expert in opposition to Mairs' summary judgment motion." Nipper explains that "[t]he declaration of counsel submitted in support of the motion for relief specifically set forth why a declaration of counsel could not be obtained." In that declaration, counsel for Nipper states:

> 2. On October 28, 2021 Defendant Robert A. Mairs ("Mairs") filed a motion for summary judgment ("Motion") in this matter.
>
> 3. At the time the Motion was filed, I was preparing for a trial that was set to begin on November 8, 2021 in the matter of *Christensen v. Cilley* in the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, Case No. CV01-20-08032 ("Ada County Trial").
>
> 4. The Ada County Trial was originally set for four (4) trial day[s] between November 8, 2021 and November 17, 2021.
>
> 5. Despite the original trial setting of four (4) days, trial occurred on nine (9) different days between November 8, 2021 and December 2, 2021.
>
> 6. I have reviewed my time entries for the Ada County Trial for the period of October 29, 2021 (the day after Mairs' Motion was filed) and December 2, 2021. During this time period, I billed approximately 326.2 hours related exclusively to the Ada County Trial.
>
> 7. Due to the extension of the Ada County Trial, I have been unable to obtain the necessary declarations to adequately oppose Mairs' Motion by December 13, 2021.
>
> 8. As such, on behalf of Plaintiff I am requesting a fourteen (14) day extension of time to respond to Mairs' Motion.

As counsel stated, the motion for summary judgment was filed on October 28, 2021. Eleven days later, Nipper's attorney had a trial scheduled to commence on another matter. That trial took nine days but appears to have been spread out over 24 days. While counsel billed extensively over that time period, based on the declaration, the trial appears to have concluded on December 2, 2021. Counsel does not address the 11 days between the end of trial and the deadline of December 13, 2021.

While counsel for Nipper asserts that "[t]he declaration of counsel submitted in support of the motion for relief specifically set forth why a declaration [from Nipper's expert] could not be obtained," it does nothing more than establish that counsel was busy during this time. The motion offers no explanation of why, after two years, such evidence was not sought earlier. While we are sympathetic and understanding of a trial lawyer's busy schedule, and have no doubt that counsel

12

for Nipper was in fact busy during this time, the affidavit of counsel fails to comply with Rule 56(d) because it does not explain *why* the necessary testimony could not be obtained, either over the 11 days prior to trial, over the liminal days during trial, or, most importantly, over the 11 days *after trial*.

At oral argument, counsel for Nipper stressed that the district court's statement that counsel for Nipper had not offered "any explanation" is evidence that the district court did not review the affidavit. In this way, Nipper argues that the district court erroneously concluded that there was no explanation when Nipper had provided one. A fair review of the record suggests otherwise. It is clear from the district court's ruling that it fully considered the affidavit of counsel proffered by Nipper in support of her request for Rule 56(d) relief. In its bench ruling, the district court made multiple references to the contents of counsel's affidavit. As one example, the district court observed that there had been "no attempt to articulate what additional discovery is necessary and how it is relevant in responding to the motion." This is clearly indicative that the district court properly reviewed, evaluated, and considered the affidavit offered by counsel.

Further, we do not read the district court's statement that counsel did not offer "any explanation" as meaning Nipper offered nothing. Instead, we read the district court's statement as an honest and appropriate commentary on the content of counsel's affidavit. For example, there was no explanation why counsel, or another attorney at his firm, could not obtain the necessary affidavit from an expert during the unaccounted-for periods of time. Further, as with Dr. Wootton's earlier motion for summary judgment, there is a total absence of explanation of what the new affidavit would include that is essential to justify Nipper's opposition to Dr. Mairs' summary judgment motion, making clear *what* information would be included and *how* it would preclude summary judgement. The only reference to expert testimony in the affidavit simply stated: "I have been unable to obtain necessary declarations to adequately oppose Mairs' Motion by [the summary judgment deadline]." In sum, this explanation fails to set forth a satisfactory explanation for the *why* and conspicuously lacks the necessary *what* and *how*.

While counsel explains that he was busy during some of the period in which the summary judgment motion was pending, he does not account for substantial periods of time when the affidavit could have been prepared. Taken together, we conclude that the district court did not abuse its discretion in finding that the affidavit falls well below the "specified reasons" requirement set forth in Rule 56(d) and explained in *Jenkins*. Contrary to Nipper's allegations, the

13

district court clearly did not "ignore[e] evidence in the record." Instead, the district court properly recognized, as in *Jenkins*, that Nipper failed to set out " 'what further discovery would reveal that is essential to justify their opposition,' making clear 'what information is sought and how it would preclude summary judgment.' " *Jenkins*, 141 Idaho at 239, 108 P.3d at 386 (quoting *Nicholas*, 266 F.3d at 1088–89).

As noted above, we have previously affirmed the denial of Rule 56(d) relief even when counsel explained their busy schedule kept them from devoting time to the case. In *Haight v. Idaho Department of Transportation*, the appellant argued "that there were circumstances justifying the untimeliness of her request to defer summary judgment under Idaho Rule of Civil Procedure 56(d) because a series of events affected her counsel's ability to devote time to her case." 163 Idaho 383, 387, 414 P.3d 205, 209 (2018). In *Haight*, counsel explained to the trial court a variety of unfortunate events that befell counsel, including "lack of resources, doctor's appointments, car trouble, home repairs, computer problems, and other technical difficulties." *Id.* at 388, 414 P.3d at 210. "The district court considered counsel's reasons for requesting an extension of time to complete discovery, and although sympathetic to counsel's issues, ultimately denied the motion." *Id.* We concluded that this was not an abuse of discretion. *Id.*

Ultimately, the district court in this case properly perceived the question of Rule 56(d) relief as a matter committed to its discretion. The district court acted within the outer boundaries of that discretion and consistent with legal standards when deciding whether to grant the requested Rule 56(d) relief. In reaching its decision, the district court reviewed this Court's recent precedents and applied them to the facts of this case. Thus, the district court exercised reason by explaining its rationale and the legal basis for its decision. As in *Haight*, "[t]he district court considered counsel's reasons for requesting an extension of time to complete discovery, and although sympathetic to counsel's issues, ultimately denied the motion." 163 Idaho at 388, 414 P.3d at 210. Therefore, because the district court satisfied all four elements of *Lunneborg*, we conclude that the district court did not abuse its discretion in denying Rule 56(d) relief from Dr. Mairs' motion for summary judgment.

### D. Attorney Fees and Costs

Dr. Mairs seeks attorney fees under Idaho Code section 12-121. He argues that "Nipper ignored well-settled law regarding the requirements that must be established before Rule 56(d)

relief is granted, and she has pursued this appeal in a manner that simply asked this Court to second guess a discretionary ruling of the district court." We agree.

As we have said, "Idaho Code section 12-121 allows the award of attorney fees in a civil action if the appeal merely invites the Court to second guess the findings of the lower court." *Owen v. Smith*, 168 Idaho 633, 647, 485 P.3d 129, 143 (2021) (citing *Bach v. Bagley*, 148 Idaho 784, 797, 229 P.3d 1146, 1159 (2010)). Since Nipper's appeal is essentially an invitation to second guess the district court's findings and use of its discretion, we conclude Nipper's appeal from the district court's grant of summary judgment to Dr. Mairs has been "brought, pursued or defended frivolously, unreasonably or without foundation." I.C. § 12-121. Accordingly, we award attorney fees to Dr. Mairs under Idaho Code section 12-121.

Dr. Wooton did not request attorney fees on appeal. However, both Dr. Mairs and Dr. Wootton request costs on appeal. Both having prevailed, costs are awarded to Dr. Wootton and Dr. Mairs as a matter of course pursuant to Idaho Appellate Rule 40(a).

## IV. CONCLUSION

The judgment of the district court is affirmed. Attorney fees are awarded to Dr. Mairs pursuant to Idaho Code section 12-121. Costs are awarded to Dr. Mairs and Dr. Wootton.

Chief Justice BEVAN, Justices BRODY, ZAHN, and Justice Pro Tem BASKIN CONCUR.